[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-15106
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 5, 2010
JOHN LEY
CLERK

D. C. Docket No. 02-20886-CR-JAL

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HENRY ROBERT JEAN LEGER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 5, 2010)

Before BARKETT, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Henry Robert Jean Leger  was a former admissions officer at Miami

Technical Institute, ("Miami Technical") who helped students complete Free Applications for Federal Student Aid ("FAFSA"), and was compensated as an admissions officer based on the number of students he helped to enroll at Miami Technical. He was tried by a jury and convicted for conspiracy to commit Pell Grant and wire fraud, in violation of 18 U.S.C. § 1371, Pell Grant fraud in violation of 20 U.S.C. § 1097, and wire fraud in violation of 18 U.S.C. § 1343 and 18 U.S.C. § 2 following a four day trial. On appeal, Leger argues that the district court abused its discretion by admitting his 1985 prior grand theft conviction into evidence, as it showed only criminal propensity. He asserts that the prior conviction was not relevant to any issue under Federal Rule of Evidence 404(b), and it is too remote in time to have probative value.

"A district court's evidentiary rulings are reviewed for an abuse of discretion." *United States v. Dohan*, 508 F.3d 989, 993 (11th Cir. 2007) (per curiam) (citation omitted). Even if an abuse of discretion is shown, nonconstitutional evidentiary errors are not grounds for reversal unless there is a reasonable likelihood that the defendant's substantial rights were affected." *United States v. Malol*, 476 F.3d 1283, 1291 (11th Cir. 2007) (citation and quotation marks omitted). "Where there is overwhelming evidence of guilt, and the error did not influence the jury, or had but a very slight effect, the verdict and the judgment

should stand." *Id.* (citation and quotation marks omitted); *see also United States v. Chavez*, 204 F.3d 1305, 1317 (11th Cir. 2000) (holding that the testimony of three individuals was overwhelming evidence of guilt, and, as a result, any error was harmless).

Assuming *arguendo* that the court abused its discretion by admitting evidence of Leger's prior grand theft conviction, we are unable to reverse because there was overwhelming evidence of Leger's guilt. *See Chavez*, 204 F.3d at 1317. Four former students at Miami Technical testified at trial about how Leger counseled and instructed them in filing false information on the FAFSA forms to ensure that these individuals obtained Pell Grants even though they did not meet the financial criteria. Furthermore, at Leger's trial, the government presented testimony that Leger was involved in fraudulent FAFSA forms for nineteen individuals, which indirectly benefitted him because his salary was dependent on the number of students he enrolled. Because these FAFSA forms were transmitted through the internet and through regular mail, there is also overwhelming evidence supporting his conviction for Pell Grant fraud and wire fraud. *See* 18 U.S.C. §§ 1341 and 1343; 20 U.S.C. § 1097(a). Accordingly, we conclude that the judgment was not substantially swayed or prejudiced by any evidentiary error, and we affirm.

 **AFFIRMED.**