[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 24, 2011
JOHN LEY
CLERK

No. 09-16307
Non-Argument Calendar
_____

D. C. Docket No. 08-00230-CV-FTM-29DNF

JOSEPH D. REPPERT,

Plaintiff-Counter-
Defendant-Appellant,

versus

INTERNAL REVENUE SERVICE,

Defendant-Counter-
Claimant-Appellee,

TIMOTHY MURTY, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 24, 2011)

Before EDMONDSON, WILSON and FAY, Circuit Judges.

PER CURIAM:

Joseph D. Reppert ("Taxpayer") brought a refund suit against the Internal Revenue Service ("IRS")[1] to challenge the assessment of penalties under Section 6672 of the Internal Revenue Code, 26 U.S.C. 6672. The United States counterclaimed against Taxpayer for the unpaid balance of assessments, plus interest and statutory additions. After a jury verdict in favor of the United States, judgment was entered against Taxpayer. We affirm; no reversible error has been shown.

The Internal Revenue Code requires employers to withhold federal social security and income taxes from wages paid to employees. 26 U.S.C. §§ 3102; 3402. Such withheld taxes constitute a special fund held in trust for the United States. 26 U.S.C. § 7501. If these trust funds are not paid over timely to the United States as required, section 6672 imposes personal liability for the full amount of the trust fund taxes due upon those officers and agents of the employer who are responsible for the default:

> Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to

---

[1]Taxpayer named the IRS as defendant but the IRS is not a suable entity. See Castleberry v. Alcohol, Tobacco & Firearms Div., 530 F.2d 672, 673 n.3 (5th Cir. 1976). Although the IRS was named, the United States is the real party in interest.

> evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.

46 U.S.C. § 6672(a).

Although section 6672(a) characterizes the imposed liability as a "penalty," the liability is not penal. Liability under section 6672(a) is equal to the amount of the unpaid taxes, before interest and other statutory additions. Courts have construed section 6672 broadly to effectuate its statutory purpose of reaching those responsible for an employer's unlawful retention of trust fund taxes. See Williams v. United States, 931 F.2d 805, 810 (11th Cir. 1991). More than one person may be a "responsible" person for purposes of section 6672 liability, id. at n.7; and responsibility for purposes of section 6672 exists notwithstanding instructions from others not to pay over the withheld taxes. See Thibodeau v. United States, 828 F.2d 1499, 1504-05 (11th Cir. 1987).

The parties stipulated that Taxpayer was the president and general manager of Fort Myers Beach Marina, Inc. ("Corporation") during the period when Corporation failed to pay over to the United States monies withheld from employee's wages for tax periods ending 31 December 2002, 31 March 2003, and 30 June 2003. The parties stipulated further that (i) Taxpayer ran the

3

Corporation's day-to-day operations; (ii) signed the majority of the Corporation's checks; (iii) had the ability and authority to pay employees; (iv) was responsible for withholding payroll taxes from wages paid to employees; (v) filed the Corporation's quarterly tax returns; and (vi) knew the payroll taxes were not paid to the Government. Taxpayer also stipulated that the Corporation continued to pay other creditors and debts during the period that Corporation failed to pay trust fund taxes to the United States.

The only issue raised by Taxpayer in this appeal is whether the district committed reversible error when it failed to give a jury instruction proffered by Taxpayer. Taxpayer's defense was that, except for COD items and payroll checks, he was not authorized to make payments on behalf of Corporation without first obtaining approval by the Corporation's investors. According to Taxpayer, he would meet with the Corporation's investors when cash on hand was insufficient to pay all bills; the investors -- not Taxpayer -- prioritized disbursements. Taxpayer -- tracking a Florida statute -- proffered a jury instruction that read:

> [Taxpayer] had the authority and was to perform the duties set forth in the bylaws or, to the extent consistent with the bylaws, the duties prescribed by the board of directors or by direction of any officer authorized by the bylaws or the board of directors to prescribe the duties of other officers.

According to Taxpayer, the proposed instruction would have allowed the

4

jury to recognize that, for purposes of section 6672 liability, he was not a "responsible person": he had no "power" or "authority" to pay bills independent of the investors, and no choice by Taxpayer to pay other creditors while the Government went unpaid could be a "willful" choice.

When Taxpayer took issue with the district court's failure to include the proffered instruction, the district court inquired about the record basis for the bylaws referenced in the instruction. Taxpayer acknowledged that no exhibit containing the text of the bylaws had been introduced into evidence. With no record evidence on what the bylaws provided, the district court refused to give the instruction.

The district court's refusal to give a requested jury instruction is reviewed for abuse of discretion. United States v. Carrasco, 381 F.3d 1237, 1242 (11th Cir. 2004). Under this deferential standard, we will reverse for failure to give a requested instruction only when the instruction was correct, was not substantially covered by the instructions actually given, and concerned an issue in the trial so important that omission of the requested instruction seriously impaired the party's ability to conduct his case. See United States v. Dohan, 508 F.3d 989, 993 (11th Cir. 2007). A requested instruction is not substantially correct unless it has both legal support and some basis in the evidence. See United States v. Terebecki, 692

F.2d 1345, 1351 (11th Cir. 1982); <u>see</u> <u>also</u>, <u>Anderson v. Liberty Lobby Inc.</u>, 106

S.Ct. 2505, 2511-12 (1986) (no requirement that question be submitted to jury

unless proffered evidence sufficient to warrant decision favorable to requesting

party).

The district court committed no abuse of discretion when the court refused

Reppert's proffered instruction: no evidentiary basis existed for the proposed

instruction; giving the instruction could only confuse the jury.[2]

AFFIRMED.

---

[2]The proffered instruction recognized that the duties of an officer of a corporation could be impacted on by prescriptions of the board of directors but only to the extent the board's acts were consistent with the bylaws. Without introducing the bylaws, the jury had no basis to consider whether the authority Taxpayer contends was (or was not) delegated by the board was consistent with the bylaws.