[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-11458
Non-Argument Calendar
_____

D.C. Docket No. 0:81-cr-06057-WPD-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

THOR HANSEN,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 17, 2014)

Before TJOFLAT, WILSON and JORDAN, Circuit Judges.

PER CURIAM:

Thor Hansen appeals his conviction for failure to appear, in violation of 18 U.S.C. § 3146. On appeal, he argues that the district court erred by failing to dismiss the indictment under Federal Rule of Criminal Procedure 48, based on the government's representation in a separate proceeding that it would dismiss the indictment and for undue delay in prosecuting him. He also argues that the district court abused its discretion by terminating his redirect examination of a witness during his trial. Finally, Hansen argues that the district court erred when it responded to a jury question regarding whether an objective or subjective standard applied to the duress defense by instructing that the former governed.

## I.

"Generally, we review a district court's denial of a motion to dismiss an indictment for abuse of discretion." *United States v. Evans*, 476 F.3d 1176, 1178 (11th Cir. 2007). We maintain a "well-established rule that issues and contentions not timely raised in the briefs are deemed abandoned." *United States v. Ardley*, 242 F.3d 989, 990 (11th Cir. 2001) (per curiam).

Federal Rule of Criminal Procedure 48 provides that "[t]he government may, with leave of court, dismiss an indictment." Fed. R. Crim. P. 48(a). It also provides that the district court "may dismiss an indictment if unnecessary delay occurs in presenting a charge to a grand jury, filing an information against a defendant, or bringing a defendant to trial." Fed. R. Crim. P. 48(b).

2

> "[Rule 48(b)] vests much discretion in the trial court, and dismissal is mandatory only if the defendant's constitutional rights have been violated.    When a defendant fails to establish that his Sixth Amendment right to a speedy trial was violated, there is no basis for concluding that the district court abused its discretion in refusing to grant [defendant's] motion insofar as it relied on Rule 48(b)."

*United States v. Knight*, 562 F.3d 1314, 1324 (11th Cir. 2009) (internal citation and quotation marks omitted).

There is no evidence in the record that indicates that the government moved to dismiss the indictment at any time, or that the district court ever granted the necessary leave pursuant to such a motion.  Thus, the district court did not abuse its discretion under Rule 48(a).  *See* Fed. R. Crim. P. 48(a).  Additionally, Hansen did not raise the argument on appeal that his Sixth Amendment right to a speedy trial was violated, and thus, he abandoned that argument.  *See Ardley*, 242 F.3d at 990.  Therefore, he necessarily cannot establish that the district court abused its discretion by not dismissing the indictment pursuant to Rule 48(b).  *See Knight*, 562 F.3d at 1324.

## II.

"We review the evidentiary rulings of the district court for abuse of discretion."  *United States v. Dortch*, 696 F.3d 1104, 1110 (11th Cir. 2012), *cert. denied*, 133 S. Ct. 993 (2013).  "If an error was not preserved, we review for plain error."  *Id.*  If there is (1) an error that (2) is plain and (3) affects substantial rights, then we may exercise our discretion to correct the error, but only if (4) "the error

3

seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Lewis*, 492 F.3d 1219, 1222 (11th Cir. 2007) (en banc) (internal quotation marks omitted).

The Federal Rules of Evidence provide that "[t]he court should exercise reasonable control over the mode and order of examining witnesses and presenting evidence." Fed. R. Evid. 611(a). The district court is provided this power to "(1) make those procedures effective for determining the truth; (2) avoid wasting time; and (3) protect witnesses from harassment or undue embarrassment." *Id.* The district court's discretion under this rule is broad. *United States v. Hill*, 643 F.3d 807, 845 (11th Cir. 2011). We have also noted that, under Rule 403, "[d]istrict courts are well within their discretion to exclude even relevant evidence for undue delay, waste of time, or needless presentation of cumulative evidence." *United States v. Dohan*, 508 F.3d 989, 993 (11th Cir. 2007) (per curiam).

Hansen did not object to the termination of redirect examination at trial, so we review for plain error. *See Dortch*, 696 F.3d at 1110. Hansen used redirect examination to contradict Rob Laytner's testimony with his own version of events and accuse Laytner of dishonesty, rather than to augment the evidence or address issues raised on cross-examination. Thus, the district court's decision to terminate redirect examination fell within its discretion to avoid wasting time and to protect the witness from harassment. *See* Fed. R. Evid. 611(a)(2)–(3); *Hill*, 643 F.3d at

4

845.  Because the district court did not abuse its discretion, Hansen cannot establish plain error.  *See Lewis*, 492 F.3d at 1222.

### III.

"We review a district court's response to a jury question for an abuse of discretion.  While the district court has considerable discretion regarding the extent and character of supplemental jury instructions, it does not have discretion to misstate the law or confuse the jury."  *United States v. Lopez*, 590 F.3d 1238, 1247–48 (11th Cir. 2009) (citation omitted).  We review the challenged supplemental instructions in light of the entire jury charge, the indictment, evidence presented at trial, and argument of counsel.  *Id.* at 1248.  "[W]e reverse when we are left with a substantial and ineradicable doubt as to whether the jury was properly guided in its deliberations."  *Id.* (internal quotation marks omitted).

The defense of duress "requires that the defendant prove [1] that he acted under an immediate threat of death or serious bodily injury, [2] that he had a well-grounded fear that the threat would be carried out, and [3] that he had no reasonable opportunity to escape or inform [the] police."  *United States v. Flores*, 572 F.3d 1254, 1266 (11th Cir. 2009) (per curiam) (alterations in original) (internal quotation marks omitted).[1]  "Duress can also exist when the threat of immediate,

---

[1] Although *Flores* discusses the justification defense, we have observed that the justification and duress defenses "are overlapping concepts with the same analysis."  *Flores*, 572 F.3d at 1266 n.4.

serious harm is directed at a third person and the defendant acted unlawfully in order to protect the other party." *United States v. Blanco*, 754 F.2d 940, 943 (11th Cir. 1985). "The first prong requires nothing less than an immediate emergency." *United States v. Rice*, 214 F.3d 1295, 1297 (11th Cir. 2000) (explaining the defense of justification in the context of the offense of being a felon in possession of a firearm).

The district court did not abuse its discretion in providing the supplemental jury instruction. Although the elements of the duress defense do not explicitly state that it is governed by an objective reasonableness standard, the fear of a threat must have been "well-grounded," which assumes that the fear is rooted in something other than the defendant's subjective conjectures about something constituting a threat. *See Flores*, 572 F.3d at 1266. Additionally, the language assumes that a threat objectively existed in reality and was not derived from the defendant's subjective belief that something constituted a threat. *See id.* The district court therefore did not "misstate the law or confuse the jury." *Lopez*, 590 F.3d at 1248.

Upon review of the entire record and the parties' briefs, we affirm.

**AFFIRMED.**