[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-12198
Non-Argument Calendar

_____

D.C. Docket No. 0:13-cr-60270-WJZ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WAYNE DURHAM,

Defendant-Appellant.

_____

No. 14-12807
Non-Argument Calendar

_____

D.C. Docket No.  0:13-cr-60270-WJZ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WAYNE DURHAM,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Southern District of Florida
_____

(August 26, 2016)

**ON PETITION FOR REHEARING**

Before TJOFLAT, MARCUS and JILL PRYOR, Circuit Judges.

PER CURIAM:

The Government's motion for panel rehearing is granted, and the panel withdraws the previous opinion, dated December 1, 2015, and found at 633 F. App'x 728, and substitutes the following opinion. In this opinion, we add footnote one to address Durham's argument -- raised only in the petition for panel rehearing -- that it was plain error for the district court to sentence him under the Armed Career Criminal Act ("ACCA"), in light of Johnson v. United States, 576 U.S. ___, 135 S. Ct. 2551 (2015). We do not change the opinion in any other respect.

Wayne Durham appeals both his convictions on one count of unlawful possession of ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count 1), and one count of possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1) (Count 2), and his total 288-month sentence, imposed within the advisory guideline range (Appeal No. 14-12198 ). He also appeals the district court's dismissal of his post-

judgment Speedy Trial Act motion to dismiss (Appeal No. 14-12807).  On appeal, Durham argues that: (1) the district court erred in admitting evidence obtained pursuant to an executed search warrant, and incident to his arrest; (2) the district court erred in allowing the government to make improper "Golden Rule" comments and arguments; (3) insufficient evidence was presented to support his convictions; (4) the district court's numerous errors deprived him of his constitutional rights; (5) the sentences imposed were unreasonable; and (6) the district court improperly dismissed the Speedy Trial Act motion.  After careful review, we affirm.[1]

---

[1]    While his appeal was pending, Durham filed a supplemental brief, in which he argued that the residual clause found in the ACCA was unconstitutional in light of Johnson v. United States, 576 U.S. ___, 135 S. Ct. 2551 (2015).  We held, en banc, that he was entitled to raise the argument for the first time in a supplemental appellate brief, explaining that "where there is an intervening decision of the Supreme Court on an issue that overrules either a decision of that Court or a published decision of this Court that was on the books when the appellant's opening brief was filed, and that provides the appellant with a new claim or theory, the appellant will be allowed to raise that new claim or theory in a supplemental or substitute brief."  United States v. Durham, 795 F.3d 1329, 1331 (11th Cir. 2015) (en banc).  We also noted that plain error review would apply to his claim.  Id. ("[N]othing in this decision loosens the strictures of the plain error rule.").  After filing his supplemental brief, however, the parties jointly agreed that this Court need not address the Johnson issue because, even though the residual clause was unconstitutional, Durham still had three ACCA predicate offenses. Accordingly, we evaluated Durham's appeal without addressing whether it was error to apply an ACCA enhancement to his sentence, and affirmed Durham's convictions and total sentence.

Durham subsequently filed a petition for panel rehearing, seeking to reassert the argument raised in his supplemental brief -- namely, that it was plain error for the district court to apply an ACCA enhancement to his total sentence because he did not have the requisite three prior convictions to qualify as an armed career criminal as defined by the ACCA.  See Fed. R. App. P. 40(a).  For Durham to show plain error, he must show (1) an error, (2) that is plain, and (3) that affected his substantial rights.  United States v. Turner, 474 F.3d 1265, 1276 (11th Cir. 2007). If the defendant satisfies the three conditions, we may exercise our discretion to recognize the error if it "seriously affects the fairness, integrity, or public reputation of judicial

3

In considering a challenge to the denial of a motion to suppress, we typically review the district court's factual findings for clear error, and the district court's application of law to those facts de novo. United States v. Ford, 34 F.3d 992, 994 (11th Cir. 1994). We review de novo allegations of prosecutorial misconduct presenting mixed questions of fact and law. United States v. Noriega, 117 F.3d 1206, 1218 (11th Cir. 1997). We also review the sufficiency of the evidence de

_____

proceedings." Id. "An error is plain if it is obvious and clear under current law." United States v. Eckhardt, 466 F.3d 938, 948 (11th Cir. 2006). Thus, "where the explicit language of a statute or rule does not specifically resolve an issue, there can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving it." United States v. Lejarde-Rada, 319 F.3d 1288, 1291 (11th Cir. 2003). A defendant fails to meet his burden of showing that an error affected his substantial rights when "the effect of an error on the result in the district court is uncertain or indeterminate." Rodriguez, 398 F.3d at 1301.

Regardless of whether the doctrine of invited error precludes Durham's late-stage challenge, see United States v. Silvestri, 409 F.3d 1311, 1327 (11th Cir. 2005), there is no plain error, since he has failed to show that his criminal history does not still contain three ACCA predicate offenses. Now that Johnson has ruled the residual clause unconstitutional, for a crime to qualify as a predicate felony under the ACCA, it must satisfy one of two remaining clauses: the crime (i) has as an element the use, attempted use, or threatened use of physical force against the person of another, (known as the "elements clause"); or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another, (known as the "enumerated clause"). 18 U.S.C. § 924(e)(2)(B).

It is undisputed that Durham has two predicate ACCA convictions: (1) resisting an officer with violence; and (2) possession with intent to distribute cocaine. The only question, then, is whether any one of his other prior convictions -- such as his 1990 robbery conviction -- constitutes an ACCA predicate felony under, for example, the elements clause. In United States v. Lockley, 632 F.3d 1238, 1246 (11th Cir. 2011), we held that Florida robbery qualifies as a predicate offense under the elements clause. In United States v. Welch, 683 F.3d 1304 (11th Cir. 2012), we recognized that robbery under Florida law prior to October 1999 could have included "mere pickpocketing," and noted that "[a]rguably the elements clause would not apply to mere snatching, but the issue is not cut and dried." Id. at 1313. Despite this language in Welch, we have not held that such a robbery cannot qualify as an ACCA predicate offense under the elements clause. Thus, we cannot say that it was plain error for the district court to apply an ACCA enhancement to Durham's sentence.

4

novo, viewing all the evidence in the light most favorable to the government and drawing all reasonable inferences and credibility choices in favor of the jury's verdict. United States v. Boffil-Rivera, 607 F.3d 736, 740 (11th Cir. 2010).

We review de novo whether cumulative errors have deprived the defendant of a fair trial. United States v. Dohan, 508 F.3d 989, 993 (11th Cir. 2007). We review the sentence a district court imposes for "reasonableness," which "merely asks whether the trial court abused its discretion." United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008) (quoting Rita v. United States, 551 U.S. 338, 351 (2007)). Finally, when appropriate, we review a claim under the Speedy Trial Act de novo, United States v. Dunn, 345 F.3d 1285, 1288 (11th Cir. 2003), and review a district court's denial of a motion to dismiss an indictment for abuse of discretion. United States v. Wetherald, 636 F.3d 1315, 1320 (11th Cir. 2011).

First, we are unpersuaded by Durham's claim that the district court erred in denying his motion to suppress. The Federal Rules of Criminal Procedure provide that a motion to suppress evidence must be made before trial. Fed. R. Crim. P. 12(b)(3)(C). At the time of his trial, Rule 12(e) further provided that without good cause, "[a] party waives any Rule 12(b)(3) defense, objection, or request not raised by the deadline the court sets under Rule 12(c) or by any extension the court provides." Fed. R. Crim. P. 12(e). Since Durham's trial, Rule 12 has been amended, but its language remains similar: "If a party does not meet the deadline

for making a Rule 12(b)(3) motion, the motion is untimely[, b]ut a court may consider the defense, objection, or request if the party shows good cause." Fed. R. Crim. P. 12(c)(3). Under the prior rule, we've declined to address "good cause" when the defendant did not request relief from the waiver from the district court. See United States v. Suescun, 237 F.3d 1284, 1287 n.7 (11th Cir. 2001).

Here, Durham did not file a pre-trial motion to suppress, and at trial, he did not object to the admissibility of the evidence obtained pursuant to the search warrant, and incident to his arrest. Although there is a narrow good-cause exception to waiver in this context, Durham has not argued that he is entitled to this exception. Thus, Durham has waived this argument. See id.[2]

Next, we find no merit to his challenge to the prosecutor's alleged misconduct. A prosecutor makes an improper "Golden Rule" argument by asking the jurors to place themselves in the victim's place or imagine the victim's pain and terror. Grossman v. McDonough, 466 F.3d 1325, 1348 (11th Cir. 2006). A prosecutor also may not make an argument "directed to the passions or prejudices of the jurors." United States v. Bailey, 123 F.3d 1381, 1400 (11th Cir. 1997).

---

[2] In any event, even if we were to consider the merits of Durham's challenge to his arrest and the seizure of his materials, the argument fails. As the record shows, law enforcement officials properly executed a lawful search warrant, which resulted in the confiscation of admissible evidence that provided officers with probable cause to arrest Durham. United States v. Hendrixson, 234 F.3d 494, 497 (11th Cir. 2000) (only evidence seized outside the scope of the warrant is subject to suppression); United States v. Singletary, 127 F.3d 1030, 1042 (11th Cir. 1997) (probable cause exists where the facts and circumstances would indicate to a prudent person that the suspect has committed or is committing an offense).

However, even if a prosecutor's remark is prejudicial, a curative instruction may render it harmless. United States v. Tampas, 493 F.3d 1291, 1302 (11th Cir. 2007). Jurors are presumed to follow the court's instructions. Brown v. Jones, 255 F.3d 1273, 1280 (11th Cir. 2001).

A successful claim of prosecutorial misconduct in closing argument requires the argument to be both improper and prejudice the defendant's substantial rights. Bailey, 123 F.3d at 1400. A defendant's substantial rights are prejudicially affected when a reasonable probability arises that, but for the remarks, the outcome of the trial would have been different. United States v. Wilson, 149 F.3d 1298, 1301 (11th Cir. 1998).

The record here reveals that the government did not present any improper "Golden Rule" arguments because it did not ask the jurors to place themselves in the position of a victim of a crime. Rather, the government asked jurors to think about how they typically treat and handle their wallets, and the contents thereof, and argued that most people are keenly aware of the location of their wallet at any given moment, and that Durham acted similarly. As for the other statements made during closing argument, they were not calculated to mislead or inflame the jury's passions. Instead, they were calculated to argue that the drugs and ammunition found on and in the safe were Durham's, because Durham's wallet was found with them. In any event, in light of the entire trial, the government's remarks did not

7

rise to the level of prosecutorial misconduct because the record contained ample evidence of guilt, and any error was harmless.

We also reject Durham's sufficiency-of-the-evidence argument. To justify a § 922(g)(1) conviction, the government must prove that: (1) the defendant was a convicted felon, (2) he knowingly possessed a firearm or ammunition, and (3) the firearm was in or affected interstate commerce. United States v. Howard, 742 F.3d 1334, 1341 (11th Cir. 2014). For knowing possession, the government need only show constructive possession through direct or circumstantial evidence. Id. "The evidence proves constructive possession if it shows that the defendant exercised ownership, dominion, or control over the firearm [or ammunition], or that he had the power and intent to exercise dominion or control over it." Id. Evidence at trial showing that a firearm was found in the defendant's car along with a copy of his tag receipt, that he had been in the driver's seat just before the search, and that he had a prior conviction for possession of a firearm (admitted to show knowing possession of a firearm in the instant case) is sufficient to establish constructive possession of the firearm and convict the defendant of a § 922(g)(1) crime. See id.

To sustain a substantive conviction for possession with intent to distribute a controlled substance, 18 U.S.C. § 841(a), the government must establish the defendant's (1) knowledge, (2) possession of the controlled substance, and (3) intent to distribute. United States v. Mercer, 541 F.3d 1070, 1076 (11th Cir. 2008).

8

A defendant's knowledge may be proven by direct or circumstantial evidence. United States v. Garcia, 405 F.3d 1260, 1270 (11th Cir. 2005). Although mere presence in a car where a controlled substance is hidden is insufficient to sustain a conviction, presence coupled with evidence of other participation in a drug deal may be sufficient. See United States v. Diaz-Boyzo, 432 F.3d 1264, 1269-70 (11th Cir. 2005) (stating that the evidence was sufficient when the defendant rode to the initial and final delivery meeting places for the deal, observed the delivery while in the car, and possessed a loaded firearm during the delivery).

Questions of witness credibility are the exclusive province of the jury, and we will not entertain those kinds of challenges on appeal. United States v. Hernandez, 743 F.3d 812, 815 (11th Cir. 2014). "For testimony to be considered incredible as a matter of law, it must be unbelievable on its face, i.e., testimony as to facts that [the witness] could not have possibly observed or events that could not have occurred under the laws of nature." United States v. Thompson, 422 F.3d 1285, 1291 (11th Cir. 2005) (quotation omitted). Where a defendant testifies in his own defense, the jury is free to disbelieve her testimony and use his statements as substantive evidence of his guilt. United States v. Williamson, 339 F.3d 1295, 1301 n.14 (11th Cir. 2003). In fact, where there is "some corroborative evidence" of guilt, a defendant's testimony "may establish, by itself, elements of the offense." United States v. Brown, 53 F.3d 312, 314-15 (11th Cir. 1995). "[T]he evidence

will be sufficient to support a conviction if a reasonable trier of fact could find that the evidence established guilt beyond a reasonable doubt." United States v. Jiminez, 564 F.3d 1280, 1284-85 (11th Cir. 2009) (quotation omitted).

Here, Durham does not challenge the convicted felon and interstate commerce elements of his § 922(g)(1) conviction; thus, the only issue is whether he knowingly possessed the ammunition. The evidence at trial showed that the ammunition was found in a safe that also contained Durham's wallet and birth certificate, as well as other identifying documents. Although Durham testified he did not know that there was ammunition in the safe, the jury was free to disbelieve him and use his statements as substantive evidence of his guilt. This, along with Durham's testimony that he lived in the northeast bedroom "off and on," and was in the bedroom with the open safe when the police arrived to execute the search warrant, is sufficient to convict him of a § 922(g)(1) violation.

Sufficient evidence also existed for a reasonable jury to find that Durham possessed the crack cocaine found in the safe. Durham testified that he was in the northeast bedroom in the process of stealing the crack cocaine when the police arrived to execute the search warrant. Further, Durham testified that he lived in the northeast bedroom "off and on," and that he was a habitual crack cocaine user. Detective Lopez testified that inside the safe the police found Durham's wallet, his birth certificate, and other documents addressed to Durham, in addition to 63

baggies of crack cocaine.    Elsewhere in the room, police found additional documents linked to Durham.  Further, Lopez testified that the food stamp access card and debit cards found in Durham's wallet were common forms of payment for drugs.  Since this testimony was not contrary to the laws of nature or incredible on its face, it was sufficient to establish Durham's possession.

Nor are we persuaded by Durham's cumulative error argument.  Under the cumulative error doctrine, a reversal is required if an aggregation of non-reversible errors yields a denial of the constitutional right to a fair trial.  United States v. Capers, 708 F.3d 1286, 1299 (11th Cir. 2013).  "The harmlessness of cumulative error is determined by conducting the same inquiry as for individual error -- courts look to see whether the defendant's substantial rights were affected."  Id. (quotation omitted).  The effect of the errors depends on, inter alia, the nature and number of the errors committed, their interrelationship and combined effect, how the district court dealt with the errors as they arose, and the length of the trial. United States v. House, 684 F.3d 1173, 1197 (11th Cir. 2012).  If there is no error in any of the district court's rulings, reversal under the cumulative error doctrine is inappropriate.  United States v. Taylor, 417 F.3d 1176, 1182 (11th Cir. 2005).

As we've already discussed, the district court in this case committed no error.  As a result, Durham cannot prevail on his cumulative error claim.  Further, Durham has failed to demonstrate, or offer any explanation, for how the aggregate

11

effect of the alleged errors substantially influenced the outcome of his trial, as required to establish that cumulative error rendered his trial unfair.

We also reject his claim that his sentence is substantively unreasonable.  In reviewing the "'substantive reasonableness of [a] sentence imposed under an abuse-of-discretion standard,'" we consider the "'totality of the circumstances.'" Pugh, 515 F.3d at 1190 (quoting Gall v. United States, 552 U.S. 38, 51 (2007)). The district court must impose a sentence "sufficient, but not greater than necessary to comply with the purposes" listed in 18 U.S.C. § 3553(a).[3]  "[W]e will not second guess the weight (or lack thereof) that the [court] accorded to a given [§ 3553(a)] factor ... as long as the sentence ultimately imposed is reasonable in light of all the circumstances presented."  United States v. Snipes, 611 F.3d 855, 872 (11th Cir. 2010) (quotation, alteration and emphasis omitted). We will vacate a sentence only if we "are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by

---

[3]    The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

12

the facts of the case." United States v. Irey, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (quotations omitted).

While we do not automatically presume a sentence falling within the guideline range to be reasonable, we ordinarily expect that sentence to be reasonable. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). A sentence imposed well below the statutory maximum penalty is another indicator of a reasonable sentence. United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008). The party challenging the sentence bears the burden to show it is unreasonable. United States v. Tome, 611 F.3d 1371, 1378 (11th Cir. 2010).

Here, Durham has not shown that his 288-month sentence was substantively unreasonable. In explaining how the total sentence met the goals encompassed within 18 U.S.C. § 3553(a), the district court noted that the total sentence imposed reflected the seriousness of the offense, the need to promote respect for the law, and the need to deter future criminal conduct. Indeed, the record reveals that Durham had an extensive criminal history, and many of his prior convictions were drug related offenses. The court further observed that it had considered the Presentencing Investigation Report guideline recommendation. In light of Durham's history and propensity for committing drug offenses, it was not unreasonable for the district court to impose custodial sentences within the guideline range to promote respect for the law, to provide just punishment, and to

deter him from further illegal conduct.  As for Durham's claim that the court did not consider the circumstances of the offense conduct or his personal characteristics, the court expressly noted that it considered the arguments of the parties, and the facts and circumstances surrounding the crimes, and the weight to be given to a particular factor is within the discretion of the court.  Moreover, the court's total sentence of 288 months was below the statutory maximum penalty of life imprisonment for Count 1 -- which is an indicator of reasonableness.

Finally, we can find no error in the district court's rejection of Durham's Speedy Trial motion.  The Speedy Trial Act provides that the "[f]ailure of the defendant to move for dismissal prior to trial or entry of a plea of guilty or nolo contendere shall constitute a waiver of the right to dismissal under this section." 18 U.S.C. § 3162(a)(2).  We've held a defendant waives his right to relief for violations of the Speedy Trial Act if he fails to move the court to dismiss the indictment prior to trial.  United States v. Register, 182 F.3d 820, 828 (11th Cir. 1999).  In addition, the appeal of a judgment in a criminal case deprives the district court of jurisdiction, and transfers jurisdiction to the court of appeals.  United States v. Vicaria, 963 F.2d 1412, 1415 (11th Cir. 1992).

Here, the district court properly dismissed Durham's Speedy Trial Act motion because it lacked jurisdiction.  Durham filed a notice of appeal concerning his final judgment and total sentence on May 21, 2014.  He filed his Speedy Trial

14

Act motion on June 5, 2014.  Thus, the district court no longer had jurisdiction at the time Durham filed the motion, and did not err in dismissing the motion.

Additionally, Durham waived his right to relief under the Speedy Trial Act. Durham's trial began on March 3, 2014.  However, as we've noted, Durham moved for dismissal of his indictment on June 5, 2014, well after his trial finished, and after he appealed his sentence.  Because Durham did not move for dismissal of the indictment prior to his trial, he waived any right to relief under 18 U.S.C. § 3161.  Therefore, the district court did not abuse its discretion in denying Durham's motion to dismiss the indictment.

**AFFIRMED**.