[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-11082

_____

D.C. Docket No. 1:16-cr-20556-WPD-1


UNITED STATES OF AMERICA,

                                                            Plaintiff - Appellee,

versus

TRAVIS BUCKNER,

                                                            Defendant - Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 9, 2018)

Before ROSENBAUM, HULL and JULIE CARNES, Circuit Judges.

PER CURIAM:

Following a jury trial, Travis Buckner was convicted of one count of

aggravated sexual abuse of a child, two counts of attempted aggravated sexual

abuse of a child, and one count of travel with intent to engage in illicit sexual conduct.   The district court sentenced him to life in prison.   Buckner now challenges the district court's denial of his motion for a continuance of the trial, its admission of certain evidence during trial, its denial of his motions for mistrial, and the sentence he received.   After careful review of the record and consideration of the parties' arguments, and with the benefit of oral argument, we now affirm.

## I.

On December 13, 2016, a federal jury convicted defendant Travis Buckner on four criminal counts arising from the sexual abuse of his fourteen-year-old daughter, A.B.  Overwhelming evidence at trial showed that from the time A.B. was twelve years old, Buckner frequently pressured her into performing sexual acts with him.

The charges against Buckner stemmed from two particular incidents of abuse:  one that occurred on a church-led mission trip to Haiti, and another that happened on a cruise vacation.  Though Buckner had urged A.B. to keep their sexual interactions over the prior two years a secret, on the cruise, in July of 2016, A.B. reported the two years of abuse.

The district court delayed Buckner's trial so he could undergo a competency evaluation, but a court-appointed psychologist found him to be feigning symptoms

2

of mental impairment.[1]  The district court concluded he was competent to stand trial.  Buckner's attorney then moved for a continuance, citing the need for extra preparation time.  The court denied the motion, noting that the trial had already been delayed two months—partly because of Buckner's malingering.  At trial, in addition to presenting physical evidence, the government called A.B. and her mother as its primary witnesses.  Over Buckner's objections, the government also called Buckner's niece and his younger brother, both of whom testified that Buckner sexually abused them as children, though Buckner never faced criminal charges for doing so.  The jury found Buckner guilty on all four counts against him.

At Buckner's sentencing, the district court applied several enhancements to his base offense level.  These included a five-level increase for his history of sexual assault against minors, a four-level increase for engaging in aggravated sexual abuse in the special maritime jurisdiction of the United States, a two-level increase because A.B. was under his custody, another two-level increase because Buckner knew or should have known A.B. was a vulnerable victim, and one final two-level increase for obstruction of justice.  All together, these enhancements put Buckner well above the Sentencing Guidelines' maximum offense level, giving

---

[1] For example, the psychologist gave Buckner a test in which a subject must engage in simple counting of up to four objects.  The psychologist testified that even individuals with actual brain damage typically do not miss more than one out of the entire set of 28 questions. Buckner missed twenty-one.

him a recommended sentence of life in prison for three out of the four counts against him. The court imposed a life sentence on those three, as well as the maximum sentence of thirty years (to run concurrently) on the fourth.

Buckner now challenges several components of his proceedings: the denial of his pre-trial continuance motion, the admission of his brother's testimony, the admission of his niece's testimony, the denial of two mistrial motions, his sentencing enhancement for obstruction of justice, and the reasonableness of his life sentence. All of these matters we review for abuse of discretion. *See United States v. Jeri*, 869 F.3d 1247, 1257 (11th Cir. 2017) (denial of a continuance); *United States v. Edouard*, 485 F.3d 1324, 1343 (11th Cir. 2007) (evidentiary rulings); *United States v. Snyder*, 291 F.3d 1291, 1294 (11th Cir. 2002) (mistrial motion); *Gall v. United States*, 552 U.S. 38, 51 (2007) (reasonableness of criminal sentence). Buckner also alleges that cumulative error marred his trial, a claim we review de novo. *United States v. Dohan*, 508 F.3d 989, 993 (11th Cir. 2007).

After thorough review, we find no abuse of discretion as to any of the claims Buckner raises, nor do we find cumulative error in his trial.

## II.

We begin with Buckner's trial-related claims. To demonstrate that a district court has reversibly erred in denying a motion for continuance of trial to permit more preparation, a defendant must show not only an abuse of discretion but also

4

"specific, substantial prejudice." *See United States v. Saget*, 991 F.2d 702, 708 (11th Cir. 1993). To do this, a defendant must point to "relevant, non-cumulative evidence that would have been presented if [the defendant's] request for a continuance had been granted." *Id.* Buckner has identified neither evidence he would have obtained nor strategic opportunities he would have pursued had the court granted his motion for a pre-trial continuance. The court had already granted Buckner two continuances he had sought before that, and it found he had tried to prolong his proceedings by feigning mental incompetence. We see no error in the court's decision that further delay was unwarranted.

Turning to the admission of Buckner's niece's and brother's testimony, we find no error there, either. As we have mentioned, their testimony focused on how Buckner sexually abused them while they were children. Where a defendant stands accused of sexual assault or child molestation, the trial court can allow evidence of similar past acts "on any matter to which it is relevant." *See* Fed. R. Evid. 413(a), 414(a). Buckner effectively concedes relevance here and instead challenges the testimony as unduly prejudicial. *See* Fed. R. Evid. 403.

We find no abuse of discretion in the district court's implicit determination to the contrary. *See Bhogaita v. Altamonte Heights Condo. Ass'n, Inc.*, 765 F.3d 1277, 1290-91 (11th Cir. 2014) (trial court's "discretion is particularly broad with respect to Rule 403 determinations"). Both witnesses offered testimony highly

probative of Buckner's history of sexually abusing children, a relevant purpose under Rule 414. *See United States v. McGarity*, 669 F.3d 1218, 1224 (11th Cir. 2012) (noting Rule 414 exempts child molestation cases from Federal Rules' general ban on propensity evidence). Any risk of unfair prejudice did not outweigh the probative value of their testimony.

We also find no abuse of discretion in the district court's denial of Buckner's mistrial motions. His first motion, made during trial, alleged that prosecutors impermissibly elicited testimony from his brother about Buckner's abuse of other children. But we find no prosecutorial misconduct because the trial transcripts show Buckner's brother brought up these incidents unprompted. *See* Trial Tr. (12/13/16) at 315-16. And we find no actionable prejudice because the judge instructed the jury to ignore Buckner's brother's testimony on this matter. *See id.* We must presume the jury followed these instructions. *See United States v. Stone*, 9 F.3d 934, 938 (11th Cir. 1993) ("Few tenets are more fundamental to our jury trial system than the presumption that juries obey the court's instructions.").

Buckner's second motion, made after the government rested, alleged that prosecutors had failed to disclose the substance of his niece's testimony ahead of time. But a review of the government's pretrial filings reflects that the government did, in fact, disclose her material testimony well in advance. *See* ECF No. 29 at 5. So the district court committed no error in denying that motion for mistrial.

Finally, with respect to alleged trial-related errors, Buckner contends that the cumulative effect of all of these alleged errors warrants reversal. But since we observe no error in any of these claims, we also find no cumulative error in Buckner's trial proceedings. *See United States v. Waldon*, 363 F.3d 1103, 1110 (11th Cir. 2004) ("[B]ecause no individual errors . . . have been demonstrated, there can be no cumulative error.").

As for Buckner's sentence, we find it was both procedurally and substantively reasonable. First, with respect to Buckner's challenge to the district court's application of the obstruction-of-justice enhancement, the record demonstrates that the district court had two independently sufficient grounds on which to find the enhancement warranted: Buckner's use of threats to convince A.B. not to report his abuse, and Buckner's feigning mental incompetence ahead of trial.

And concerning the substantive reasonableness of the sentence, the life sentence fell within, though at the upper end of, the Guidelines range for three of Buckner's four counts of conviction. But the district court expressly found no mitigating circumstances and no reason to depart downward from the Guidelines recommendation. Given the severity of Buckner's crimes and the record in this case, the district court was well within its discretion to sentence Buckner as it did.

**AFFIRMED.**