[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-11160
Non-Argument Calendar

_____

D.C. Docket No. 5:93-cr-00050-TES-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JERRY LEE BROWN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(October 15, 2019)

Before MARCUS, ROSENBAUM and JILL PRYOR, Circuit Judges.

PER CURIAM:

Jerry Lee Brown appeals the district court's denial of his motion to reduce his

sentence, construed as being brought pursuant to 18 U.S.C. § 3582(c), based on the

First Step Act of 2018 ("FSA of 2018") and Amendment 794 to the Sentencing

Guidelines.  On appeal, he argues that: (1) the district court incorrectly construed his motion under § 3582(c)(1)(B); (2) the Fair Sentencing Act of 2010 ("FSA of 2010") applies retroactively to modify the Sentencing Guidelines, rendering his sentence unlawful; and (3) for the first time, his guilty plea was not intelligent, knowing or voluntary as to a "now defunct statute."  After careful review, we affirm.

We review de novo questions of statutory interpretation.  United States v. Maupin, 520 F.3d 1304, 1306 (11th Cir. 2008).  We also review de novo the district court's conclusions about the scope of its legal authority under § 3582(c)(2).  United States v. Colon, 707 F.3d 1255, 1258 (11th Cir. 2013).  We review arguments raised for the first time on appeal for plain error.  United States v. Moreno, 421 F.3d 1217, 1220 (11th Cir. 2005).  To establish plain error, the defendant must show (1) an error, (2) that is plain, and (3) that affected his substantial rights.  United States v. Turner, 474 F.3d 1265, 1276 (11th Cir. 2007).  If the defendant satisfies these conditions, we may exercise our discretion to recognize the error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  Id.[1]

---

[1] In addition, a defendant abandons issues not "plainly and prominently" raised in his initial brief, except in limited circumstances not relevant to this case.  United States v. Jernigan, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003); see also, e.g., United States v. Durham, 795 F.3d 1329, 1330–31 (11th Cir. 2015) (en banc) (holding that an appellant who does not raise an issue in his opening brief may not do so in his reply brief, although he may, on direct appeal, move to file a supplemental brief raising a new claim or theory based on an intervening decision by the Supreme Court that overrules precedent established at the time of the opening brief).  Thus, to the extent Brown seeks to argue that (1) the district court erred in applying the role-in-offense enhancement and departing upward for the murder-for-hire scheme; (2) his counsel was ineffective; (3) § 404 of the FSA of 2010 is unconstitutional as applied to him; and (4)

It is well-established that a district court has no inherent authority to modify a defendant's sentence, and may do so "only when authorized by a statute or rule." United States v. Puentes, 803 F.3d 597, 606 (11th Cir. 2015). Relevant here, a court may reduce a defendant's term of imprisonment if the sentence was based on a sentencing range that was subsequently lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). A court also may modify a term of imprisonment as expressly permitted by statute or Fed. R. Crim. P. 35. Id. § 3582(c)(1)(B); see also Fed. R. Crim. P. 35(a) (allowing a court, within 14 days of sentencing, to correct a sentence that resulted from arithmetical, technical, or other clear error).

Sections two and three of the FSA of 2010 lowered statutory penalties for certain offenses involving crack cocaine. FSA of 2010, Pub. L. No. 111-220, §§ 2– 3, 124 Stat. 2372, 2372. Specifically, the statute reduced the disparity between the quantities of crack cocaine and cocaine required to trigger the statutory penalties prescribed by 21 U.S.C. §§ 841(b)(1) and 960(b). Id. § 2; see Dorsey v. United States, 567 U.S. 260, 264 (2012) (noting that the FSA of 2010 reduced the disparity in quantities for crack cocaine and cocaine penalties from 100-to-1 to 18-to-1).

---

Amendment 591 and Burrage v. United States, 571 U.S. 204 (2014), warrant removing the enhancement and upward departure the district court applied in his 1994 sentencing, he has abandoned those arguments by raising them for the first time in his reply brief.

3

The FSA of 2018 made sections two and three of the FSA of 2010 retroactively applicable to defendants who were sentenced for a covered drug offense before the FSA of 2010's enactment on August 3, 2010.  FSA of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5194.  The FSA of 2018 authorizes, but does not require, a district court to "impose a reduced sentence as if sections 2 and 3 of the [FSA of 2010] were in effect at the time the covered offense was committed." Id.  A "covered drug offense" is a drug offense for which the "statutory penalties" were "modified" by section two or three of the FSA of 2010.  Id. § 404(a).

A defendant is eligible for a sentence reduction under § 3582(c)(2) when an amendment listed in U.S.S.G. § 1B1.10(d) lowers the guideline range that was calculated by the sentencing court.  U.S.S.G. § 1B1.10, comment. (n.1(A)).  While a district court may modify a defendant's term of imprisonment if the defendant was sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission, any reduction must be consistent with the Sentencing Commission's policy statements.  18 U.S.C. § 3582(c)(2).  A reduction of a term of imprisonment is not consistent with the Sentencing Guidelines policy statement, and therefore is not authorized by § 3582(c)(2), if (1) none of the retroactive amendments is applicable to the defendant, U.S.S.G. § 1B1.10(a)(2)(A), or (2) the retroactive amendment does not have the effect of lowering the defendant's applicable guideline range, id. § 1B1.10(a)(2)(B).  Amendment 794 of the Sentencing Guidelines

4

provides guidance to district courts in determining when a mitigating role adjustment applies under U.S.S.G. § 3B1.2. See U.S.S.G. Supp. to App. C, amend. 794. It was made effective November 1, 2015, and is not retroactive. Id.; see id. § 1B1.10(d).

Here, the district court correctly concluded that the FSA of 2018 did not affect Brown's sentence, because the relevant statutory amendments that it made retroactive applied only to cocaine, which was not a factor in calculating Brown's sentence. See FSA of 2018 § 404; FSA of 2010 §§ 2–3. As the record reveals, Brown was sentenced based on his possession and intent to distribute methamphetamine, not cocaine. To the extent Brown raised an argument about Amendment 794 below, he has abandoned it on appeal by failing to "plainly and prominently" raise it in his appellate brief. See Jernigan, 341 F.3d at 1283 n.8. Regardless, the district court did not err, because Amendment 794 was made effective November 1, 2015, was not made retroactive, and did not apply to his 1994 sentence. See U.S.S.G. § 1B1.10(d), Supp. to App. C, amend. 794.

As for Brown's claim that the district court improperly construed his motion as one filed under § 3582, his argument is meritless. Section 3582(c) gives the district court the authority to "modify an imposed term of imprisonment to the extent . . . expressly permitted by statute" or when the defendant's "sentencing range . . . has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(B), (c)(2). Because these are exactly the two bases on which Brown's

motion sought relief -- the FSA of 2018 and Amendment 794 to the Sentencing Guidelines -- the district court did not err in construing his motion under § 3582. See id.; Puentes, 803 F.3d at 606.

Finally, Brown argues that, under the "FSA," his guilty plea was not intelligent, knowing, or voluntary with regard to a "now defunct statute" -- a claim we review only for plain error because he's raising it for the first time on appeal. See Colon, 707 F.3d at 1258. However, as we've said many times, a federal prisoner seeking relief from his conviction or confinement typically must bring a motion to vacate under 28 U.S.C. § 2255. Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). Brown did not raise this claim under § 2255, and it is not cognizable under § 3582(c). Thus, the district court did not err, much less plainly err in rejecting this claim.

**AFFIRMED**.