[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

Nos. 14-12198 & 14-12807
Non-Argument Calendar
_____

D.C. Docket No. 0:13-cr-60270-WJZ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WAYNE DURHAM,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

Before ED CARNES, Chief Judge, TJOFLAT, HULL, MARCUS, WILSON, WILLIAM PRYOR, MARTIN, JORDAN, ROSENBAUM, JULIE CARNES, and JILL PRYOR, Circuit Judges.

BY THE COURT:

Wayne Durham is an appellant who was convicted by a jury of one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) and of one count of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C).  At sentencing he was found to be an Armed Career Criminal under 18 U.S.C. § 924(e) and was sentenced to 288 months imprisonment.

In his opening brief to this Court, which was filed in November of 2014, Durham challenged his sentence as substantively unreasonable but he did not raise any issue involving application of the ACCA to him.  In January of 2015, the Supreme Court ordered reargument and supplemental briefing in Johnson v. United States, 135 S. Ct. 939 (2015), on the issue of whether the residual clause of the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague.  A few days later, the government filed its answer brief in Durham's appeal, which did not mention the ACCA.  He did not file a reply brief.

In March of 2015, Durham filed a motion seeking to stay his appeal pending the decision in Johnson and for permission to file a supplemental brief after the Supreme Court issued the Johnson decision.  That motion is still pending.  In June of 2015, the Supreme Court issued its decision holding that the residual clause of

2

the ACCA is unconstitutionally vague.  Johnson v. United States, — U.S. —, 135 S. Ct. 2551 (2015).

In the supplemental brief he proffered with his motion, Durham contended that if the ACCA's residual clause were held to be unconstitutional only two of his prior convictions would qualify as violent felonies and, as a result, the ACCA should not have been applied to him.  Whether Durham's contention about the merits of the ACCA issue in his case is correct is not a matter we are going to decide as an en banc court.  Instead, we grant hearing en banc on the following issue:

> Should this Court overturn its precedent barring an appellant from asserting an issue that was not raised in his opening brief where the issue is based on an intervening Supreme Court decision that changes the law?[1]

Having granted hearing en banc on that issue, we decide it as follows:  Where precedent that is binding in this circuit is overturned by an intervening decision of the Supreme Court, we will permit an appellant to raise in a timely fashion thereafter an issue or theory based on that new decision while his direct appeal is still pending in this Court.

---

[1] We gave the government an opportunity to brief whether we should hear this issue en banc and, if so, whether we should change our precedent as described in the statement of the issue.  Because the government answered both questions in the affirmative, and Durham's position had already been made clear in his motion to file a supplemental brief, we did not put his attorney to the trouble of reiterating that position.

3

Our longstanding case law rule is that an appellant who does not raise an issue in his opening brief may not do so in his reply brief, in a supplemental brief, in a rehearing petition, or on a remand from the Supreme Court, even if the issue is based on an intervening decision of the Supreme Court. See, e.g., Hamilton v. Southland Christian Sch., Inc., 680 F.3d 1316, 1319 (11th Cir. 2012); United States v. Dockery, 401 F.3d 1261, 1263 (11th Cir. 2005); United States v. Ardley, 242 F.3d 989, 990 (11th Cir. 2001); United States v. Nealy, 232 F.3d 825, 830–31 (11th Cir. 2000). There are some reasons to have such a rule. See, e.g., United States v. Levy, 416 F.3d 1273 (11th Cir. 2005); United States v. Ardley, 273 F.3d 991, 991–95 (11th Cir. 2001) (Carnes, J., concurring in the denial of rehearing en banc). And there are some reasons not to have such a rule. See, e.g., Joseph v. United States, 135 S. Ct. 705, 706 (2014) (Kagan, J., respecting the denial of certiorari); United States v. Higdon, 418 F.3d 1136, 1148–51 (11th Cir. 2005) (Tjoflat, J., dissenting from the denial of rehearing en banc); Ardley, 273 F.3d at 996–1007 (Tjoflat, J., dissenting from the denial of rehearing en banc). Apparently every other circuit has decided that the reasons against having the rule outweigh those that favor it, at least where the Supreme Court "issues a decision that upsets precedent relevant to a pending case and thereby provides an appellant with a new theory or claim." See Joseph, 135 S. Ct. at 706. Accordingly, we hold that where there is an intervening decision of the Supreme Court on an issue that overrules

4

either a decision of that Court or a published decision of this Court that was on the books when the appellant's opening brief was filed, and that provides the appellant with a new claim or theory, the appellant will be allowed to raise that new claim or theory in a supplemental or substitute brief provided that he files a motion to do so in a timely fashion after (or, as in this case, before) the new decision is issued. This new rule applies in all direct appeals currently pending before us that involve an intervening Supreme Court decision and in all future direct appeals that do.

The change in circuit law that our holding makes is enough to decide the question presented by the motion before us, and that is as far as our holding goes. We leave our circuit law intact insofar as cases that are no longer pending on direct appeal are concerned, insofar as any issue that was not previously foreclosed by binding precedent is concerned, and insofar as any issue based on a Supreme Court decision that was issued soon enough, as a practical matter, for it to have been included in the opening brief is concerned. And nothing in this decision loosens the strictures of the plain error rule, or affects the force of any appeal waiver agreed to in the district court. The only rule affected is the rule concerning the effect of a failure to raise a claim or theory in the opening brief that a party files where that claim or theory is based on an intervening Supreme Court decision.

Appellant's motion to file a supplemental brief on the constitutionality of the ACCA's residual clause is GRANTED. The Clerk is directed to set a

5

supplemental briefing schedule for both sides to argue the effect, if any, of the decision in <u>Johnson v. United States</u> on the validity of the sentence in this case. That issue, and the others that the Appellant has raised, will be decided by a panel of this Court selected according to the usual procedures.

The motion to stay a decision in this case pending a decision in <u>Johnson</u> is DENIED AS MOOT.