[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-13273
Non-Argument Calendar
_____

D.C. Docket No. 1:96-cr-00824-PCH-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

YOLANDA LASSO-PEREZ,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(March 30, 2016)

Before TJOFLAT, JULIE CARNES, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Defendant Yolanda Lasso-Perez, proceeding *pro se*, appeals the district court's denial of her motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782.  After careful review, we affirm.

## I.  BACKGROUND

In 1997, Defendant pled guilty to importing heroin, in violation of 21 U.S.C. § 952(a).  When Defendant failed to appear at the sentencing hearing, a warrant was issued for her arrest and she was later indicted for failure to appear at sentencing, in violation of 18 U.S.C. § 3146(a)(1), (b)(1)(A)(i).  She was finally arrested in 2012, and subsequently pled guilty to failure to appear.

In anticipation of sentencing, the probation officer completed a Presentence Investigation Report ("PSR").  Applying the 2011 Guidelines, the PSR grouped the two convictions together and adjusted the guidelines calculation for the heroin-importation conviction based on the failure-to-appear conviction, pursuant to U.S.S.G. §§ 3D1.2(c) and 5G1.2.  The PSR assigned Defendant a base offense level of 32, pursuant to U.S.S.G. § 2D1.1(c)(4), because Defendant was responsible for 2,842 grams of heroin.  Defendant also received a two-level adjustment for obstruction of justice under U.S.S.G. § 3C1.1, which resulted in a total offense level of 34.  Because Defendant had no prior criminal convictions, the PSR assigned her a criminal history category of I.  Based on a total offense level of

2

34 and a criminal history category of I, Defendant's advisory guideline range was 151 to 188 months' imprisonment.

At sentencing, the parties agreed that Defendant was eligible for a safety-valve reduction. Accordingly, the district court applied a two-level reduction, which resulted in a guideline range of 121 to 151 months' imprisonment. In light of the 18 U.S.C. § 3553(a) factors, the district court determined that a sentence below the applicable guideline range was appropriate because Defendant was 67 years old and she was subject to deportation for the drug conviction. Consequently, the district court sentenced Defendant to 90 months' imprisonment, consisting of a 70-month sentence for the heroin-importation conviction and a consecutive 20-month sentence for the failure-to-appear conviction.

In 2014, Defendant filed a *pro se* motion for reduction in sentence pursuant to § 3582(c)(2) and Amendment 782. She contended that she met the requirements for a two-level reduction and requested that she receive a 63-month sentence.

The district court denied Defendant's motion, concluding that she was not entitled to a sentence reduction because she received a sentence below the advisory guideline range. Although Amendment 782 lowered her offense level from 32 to 30, Defendant's 70-month sentence was still lower than the amended guideline range of 97 to 121 months' imprisonment. The district court also noted that it was not permitted to reduce Defendant's sentence to less than the minimum of the

3

guideline range because the downward variance she received at sentencing was based on the § 3553(a) factors, not substantial assistance.

Defendant now appeals from that decision, arguing that she is eligible for a sentence reduction pursuant to Amendment 782. She contends that she is eligible because she received a three-level safety-valve reduction, a two-level acceptance of responsibility reduction, and she provided substantial assistance to the Government.

## II. DISCUSSION

We review *de novo* a district court's legal conclusions on the scope of its authority under § 3582(c)(2). *United States v. Jones*, 548 F.3d 1366, 1368 (11th Cir. 2008).

Under § 3582(c)(2), a district court may modify a term of imprisonment when the original sentencing range has subsequently been lowered as a result of an amendment to the Guidelines by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). To be eligible for a sentencing reduction under § 3582(c)(2), a defendant must identify an amendment to the Sentencing Guidelines that is listed in U.S.S.G. § 1B1.10(d). U.S.S.G. § 1B1.10(a)(1).

A defendant is not eligible for a sentence reduction if a guideline amendment "does not have the effect of lowering the defendant's applicable guideline range." *Id.* § 1B1.10(a)(2)(B); *id.* § 1B1.10, comment. (n.1(A)).

4

Moreover, the district court shall not reduce a defendant's sentence under § 3582(c)(2) to a term that is less than the minimum of the amended guideline range, unless the defendant received a reduction based on substantial assistance at the time of the original sentencing. *Id.* § 1B1.10(b)(2)(A), (B). Stated another way, if the defendant received a below-guidelines sentence at the original sentencing as result of a downward departure or variance, the district court may not reduce the defendant's sentence below the minimum of the amended guideline range. *See id.* § 1B1.10, comment. (n.3).

Amendment 782 reduced the base offense level by two levels for most drug offenses listed in the drug quantity table in U.S.S.G. § 2D1.1(c). *See id.* § 1B1.10(d), U.S.S.G. App. C, Amend. 782 (2014).

Here, the district court did not err by concluding that Defendant was not eligible for a sentence reduction under Amendment 782. Amendment 782 reduced Defendant's offense level from 32 to 30. U.S.S.G. App. C, Amend. 782; U.S.S.G. § 2D1.1(c)(5). Applying the other guidelines calculations from the original sentencing (2-level increase for obstruction of justice and 2-level decrease for safety-valve relief), Defendant's amended guideline range is 97 to 121 months' imprisonment. U.S.S.G., Ch. 5, Pt. A (Sentencing Table); *see also United States v. Vautier*, 144 F.3d 756, 760 (11th Cir. 1998) (stating that other than the amended

guideline range, "[a]ll other guideline application decisions made during the original sentencing remain intact").

Defendant received a total sentence of 90 months' imprisonment, consisting of 70 months for the heroin-importation conviction and a consecutive 20 months for the failure-to-appear conviction.[1]  Because Defendant's sentence was below the minimum of the amended guideline range, 97 months, the district court correctly determined that Defendant was not eligible for a sentence reduction.  *See* U.S.S.G. § 1B1.10(b)(2)(A); *id.* § 1B1.10, comment. (n.3).  Moreover, the record does not support Defendant's contention that she received a substantial assistance reduction.  In fact, her attorney stated at the original sentencing hearing that Defendant did not cooperate with the Government.  Thus, the district court correctly determined that Defendant was not eligible for a reduction based on substantial assistance.  *See* U.S.S.G. § 1B1.10(b)(2)(B).

As a final matter, prior to the district court's denial of Defendant's § 3582(c)(2) motion, Defendant, citing to 28 U.S.C. § 2243, requested that the Government show cause as to why her § 3582(c)(2) motion should be denied. Defendant now argues on appeal that the Government and the district court

---

[1]  Defendant points out that she received a 90-month total sentence, not 70 months as stated by the district court.  Notably, the PSR grouped Defendant's importation and failure-to-appear convictions together for guideline calculation purposes, and Defendant received a 90-month total sentence for both convictions.  But regardless, both sentences are below the minimum of the amended guideline range, and Defendant is therefore ineligible for relief.

violated "Habeas Corpus Rule 4" and § 2243 because the Government did not respond to her filing within three to five days and the district court did not require the Government to respond.  Defendant's argument is without merit because a § 3582(c)(2) motion is not an application for a writ of habeas corpus, and is governed by the rules applying to criminal cases, not civil cases.  *See United States v. Fair*, 326 F.3d 1317, 1318 (11th Cir. 2003) (stating that a § 3582(c)(2) proceeding is a "continuation of a criminal case," not a "civil post-conviction action").[2]

For all of the above reasons, we AFFIRM the district court's denial of Defendant's motion for a sentence reduction under § 3582(c)(2).

---

[2]  We do not consider Defendant's argument that the district court's denial of her § 3582(c)(2) motion violates *Gall v. United States*, 552 U.S. 38 (2007), because Defendant raised this argument for the first time in her reply brief.  *United States v. Britt*, 437 F.3d 1103, 1104 (11th Cir. 2006).  *But see United States v. Durham*, 795 F.3d 1329, 1330–31 (11th Cir. 2015) (holding that an appellant on direct appeal can move to file a supplemental brief raising a new claim or theory based on an intervening decision by the Supreme Court that overrules precedent established at the time of the opening brief).