[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-15622
Non-Argument Calendar
_____

D.C. Docket No. 0:10-cr-60319-DTKH-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

THOMAS SIRACUSE,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 30, 2016)

Before HULL, MARCUS, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Defendant Thomas Siracuse appeals the district court's denial of his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the Sentencing Guidelines.  After careful review, we affirm.

## I.  BACKGROUND

In 2012, Defendant pled guilty to conspiracy to import 1,000 kilograms or more of marijuana into the United States, in violation of 21 U.S.C. §§ 952(a), 960(b)(1)(G), and 963.

In anticipation of sentencing, the probation officer prepared a Presentence Investigation Report ("PSR").  The PSR assigned Defendant a base offense level of 34, pursuant to U.S.S.G. § 2D1.1(a)(5), because the offense involved conspiracy to import with intent to distribute at least 3,000 but less than 10,000 kilograms of marijuana.  He received a four-level enhancement under U.S.S.G. § 3B1.1(a) because he was an organizer or leader of criminal activity involving five or more participants.  With a three-level reduction for acceptance of responsibility, Defendant's total offense level was 35.  Based on a total offense level of 35 and a criminal history category of I, Defendant's advisory guideline range was 168 to 210 months' imprisonment.

At sentencing, the parties agreed that Defendant was entitled to 40 months of credit for time he spent incarcerated in Switzerland for money laundering and drug trafficking offenses.  Defendant's counsel stated that he had consulted the

2

Government and the probation officer, and it was believed that "the best way to [award Defendant credit] is by a variance, take whatever sentence you were about to give him, if you're considering 168, we ask that you take 40 months off that, and that you pronounce a sentence of 128 months." The Government agreed, and the district court sentenced Defendant to 128 months' imprisonment, explaining that it had arrived at that sentence by deducting 40 months from the 168-month sentence it would have ordinarily imposed. Not long after the sentencing hearing, the district court granted the Government's motion for a reduction of sentence based on Defendant's substantial assistance pursuant to Federal Rule of Criminal Procedure 35. The district court consequently reduced Defendant's sentence to 96 months' imprisonment (which reflected a 25% reduction).

In 2015, Defendant filed a counseled § 3582(c)(2) motion, asserting that he was eligible for a sentence reduction because Amendment 782 lowered his guideline range to 135 to 168 months' imprisonment. Specifically, Defendant asserted that his sentence should be reduced to 71 months' imprisonment because he received 40 months of credit for time served pursuant to U.S.S.G. § 5G1.3,[1] in addition to the 25% reduction he received for substantial assistance.

---

[1] Section 5G1.3 of the Sentencing Guidelines (Imposition of a Sentence on a Defendant Subject to an undischarged Term of Imprisonment or Anticipated Term of Imprisonment) provides in relevant part:

(b)  If . . . a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections

3

The district court denied Defendant's motion, concluding that Defendant was not eligible for a sentence reduction under Amendment 782.  The district court explained that with the two-level reduction of his offense level under Amendment 782, Defendant's amended guideline range was 135 to 168 months' imprisonment. Moreover, the court determined that the 40-month downward variance Defendant had received at sentencing was not related to substantial assistance.  The district court explained that § 5G1.3 did not apply to Defendant at the time of sentencing and therefore did not permit the district court to re-apply the 40-month sentence reduction.  In support, the court noted that Defendant had not argued at sentencing that his Swiss offenses were relevant conduct to his federal offense, nor had he provided a basis for the district court to conclude that the offenses involved relevant conduct.  Nevertheless, the district court applied the 25% reduction

---

(a)(1), (a)(2), or (a)(3) of § 1B1.3 (Relevant Conduct), and that was the basis for an increase in the offense level for the instant offense under Chapter Three (Adjustments), the sentence for the instant offense shall be imposed as follows:

(1) the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and

(2)  the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.

(c) (Policy Statement)  In any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense.

U.S.S.G. § 5G1.3(b)-(c) (2006).

Defendant received pursuant to Rule 35, which brought the low end of the amended guideline range to 101 months' imprisonment. Because 101 months was greater than the 96-month sentence that Defendant received at his original sentencing, the district court determined that Defendant was not eligible for a sentence reduction under Amendment 782.

Defendant now appeals, arguing that the district court erred by concluding that he was not eligible for a sentence reduction. In particular, he asserts that the district court impermissibly made new fact findings related to whether his Swiss offenses were relevant conduct to the present marijuana-distribution conspiracy.

## II. DISCUSSION

We review *de novo* a district court's legal conclusions on the scope of its authority under § 3582(c)(2). *United States v. Jones*, 548 F.3d 1366, 1368 (11th Cir. 2008). We review the district court's factual findings for clear error. *United States v. Crawford*, 407 F.3d 1174, 1177 (11th Cir. 2005).

Under § 3582(c)(2), a district court may modify a term of imprisonment when the original sentencing range has been subsequently lowered as a result of an amendment to the Guidelines by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). To be eligible for a sentencing reduction under § 3582(c)(2), a defendant must identify an amendment to the Sentencing Guidelines that is listed in U.S.S.G. § 1B1.10(d) and the amendment must actually lower the guideline

5

range that was calculated by the sentencing court.  U.S.S.G. § 1B1.10(a)(1); *Id.* § 1B1.10, comment. (n.1(A)).  Defendant relies on Amendment 782, which reduced the base offense level for most drug offenses by two levels.  *Id.* § 1B1.10(d); U.S.S.G. App. C., Amend. 782 (2014).

When determining eligibility for a sentence reduction, a district court is to consider only the effect of the applicable guideline amendment; all other original sentencing determinations are to remain the same.  *United States v. Bravo*, 203 F.3d 778, 780–81 (11th Cir. 2000); *see also Dillon v. United States*, 560 U.S. 817, 831 (2010).  Generally, if a defendant is eligible for a sentence reduction under § 3582(c)(2), the district court cannot reduce his sentence below the low end of the amended guideline range.  U.S.S.G. § 1B1.10(b)(2)(A).  Nonetheless, the district court may reduce the defendant's sentence below the low end of the amended guideline range if it sentenced the defendant below the original guideline range pursuant to a substantial-assistance motion by the government.  *Id.* § 1B1.10(b)(2)(B).  In such cases, it can grant a "comparable" substantial-assistance reduction by using a percentage-based approach or by using another reasonable method for determining the proper extent of a substantial-assistance reduction.  *United States v. Marroquin-Medina*, 817 F.3d 1285, 1292–93 (11th Cir. 2016).  The commentary to § 1B1.10 prohibits a district court in a § 3582(c)(2) proceeding from sentencing the defendant below the minimum of the amended

6

guideline range to account for a downward departure or variance that was not based on a substantial-assistance motion.  U.S.S.G. § 1B1.10(b)(2)(A); *Id.* § 1B1.10, comment. (n.3).

Here, the district court did not err in denying Defendant's § 3582(c)(2) motion.  Amendment 782 lowered Defendant's offense level from 35 to 33, resulting in an amended guideline range of 135 to 168 months' imprisonment.  *See* U.S.S.G. App. C., Amend. 782 (2014).  Although the district court was not permitted to reduce Defendant's sentence by 40 months to account for the downward variance Defendant received at sentencing, U.S.S.G. § 1B1.10(b)(2)(A), the district court was permitted to grant a "comparable" substantial-assistance reduction to account for the one Defendant received pursuant to the Government's Rule 35 motion.  *Marroquin-Medina*, 817 F.3d at 1292–93.  Accordingly, the lowest possible sentence Defendant could receive, taking into account the 25% substantial-assistance reduction, was 101 months' imprisonment.  Because 101 months is greater than the 96-month sentence the district court imposed at sentencing, the district court properly determined that Defendant was not eligible for a sentence reduction under § 3582(c)(2).  *See* U.S.S.G. § 1B1.10(b)(2)(A); *Id.* § 1B1.10, comment. (n.3).

Defendant argues that although the district court awarded him a 40-month reduction at sentencing based on a finding that Defendant's Swiss offenses were

related to the present drug conspiracy, the district court erroneously concluded that Defendant was not eligible for the same reduction during the § 3582(c)(2) proceedings because there was no factual predicate showing that the Swiss offenses were relevant conduct.  Contrary to Defendant's contentions, the district court never found during the sentencing hearing that Defendant's Swiss offenses involved relevant conduct.  Defendant also did not provide any evidence demonstrating that his Swiss offenses were relevant conduct to the present offense.

While the district court stated during the sentencing hearing that it had discretion to impose a sentence that accounted for another sentence based on the same criminal conduct, the record makes clear that the district court did not impose an adjustment for relevant conduct under U.S.S.G. § 5G1.3, as argued by Defendant.  Instead, the record shows that (1) the parties agreed to a downward variance to account for the time Defendant spent in Swiss prison and (2) the district court granted a 40-month downward variance on that basis.  Because the reduction Defendant received was a downward variance, the district court was not permitted to reduce his sentence to account for that variance.  *See* U.S.S.G. § 1B1.10(b)(2), comment. (n.3).  Consequently, Defendant has not shown that the district court made any impermissible fact findings that contradicted those made during the original sentencing hearing.  Nor has he shown that the district court

8

erred by determining that he was not entitled to a sentence reduction under Amendment 782.

Accordingly, the district court's denial of Defendant's motion for a reduction of sentence under § 3582(c)(2) is **AFFIRMED**.[2]

---

[2] We note that Defendant has abandoned any argument he may have had regarding whether principles of equity required the district court to re-apply the 40-month sentence reduction during the § 3582(c)(2) proceeding. While Defendant argues extensively about equity principles in his reply brief, he includes only a cursory statement on this point in the conclusion section of his initial brief. *United States v. Durham*, 795 F.3d 1329, 1330–31 (11th Cir. 2015) (en banc) (explaining that a defendant is prohibited from raising an argument for the first time in his reply brief, except in limited circumstances not relevant to this appeal); *United States v. Jernigan*, 341 F.3d 1273, 1283 (11th Cir. 2003) (explaining that an issue will be deemed abandoned if it is not "plainly and prominently" raised). We therefore decline to address this argument.