[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-13900
Non-Argument Calendar
_____

D.C. Docket Nos. 1:16-cv-24485-DMM; 1:15-cr-20592-DMM-1

JOHNNIE R. COOPER,

                                                              Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

                                                              Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(December 27, 2018)

Before WILLIAM PRYOR, GRANT and BLACK, Circuit Judges.

PER CURIAM:

Johnnie Cooper appeals from the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence. The district court granted a certificate of appealability to Cooper on one issue: whether bank robbery under 18 U.S.C. § 2113(a) is a crime of violence under 18 U.S.C. § 924(c). Cooper argues both that bank robbery under § 2113(a) is not a crime of violence under § 924(c)(3)(A) and that § 924(c)(3)(B) is unconstitutionally vague in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). Both of these arguments are foreclosed by precedent.

Section 924(c) provides for a mandatory consecutive sentence for any defendant who uses a firearm during a crime of violence or a drug-trafficking crime. 18 U.S.C. § 924(c)(1). For the purposes of § 924(c), "crime of violence" means an offense that is a felony and:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). We have called § 924(c)(3)(A)'s definition the "use-of-force" clause and § 924(c)(3)(B)'s definition the "risk-of-force" clause. *United States v. St. Hubert*, 909 F.3d 335, 344 (11th Cir. 2018).

First, we have held that bank robbery under § 2113(a) qualifies as a crime of violence under § 924(c)(A)'s use-of-force clause. *In re: Sams*, 830 F.3d 1234,

2

1239 (11th Cir. 2016). Cooper argues, however, that *Sams* is not binding because it was decided in the context of the denial of an application for leave to file a second or successive motion. We have recently made clear that, "[l]est there be any doubt, we now hold in this direct appeal that law established in published three-judge orders issued pursuant to 28 U.S.C. § 2244(b) in the context of applications for leave to file second or successive § 2255 motions is binding precedent on *all* subsequent panels of this Court, including those reviewing direct appeals and collateral attacks, unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting en banc." *St. Hubert*, 909 F.3d at 346 (quotations and some alteration omitted). Accordingly, in this collateral attack, we are bound by *Sams*, and we conclude that Cooper's bank robbery conviction under § 2113(a) qualified as a crime of violence under § 924(c)(3)(A)'s use-of-force clause.

Second, at the time when the district court denied Cooper's § 2255 motion, we had yet to address the issue of whether the holding in *Johnson* extended to the language of § 924(c)(3)(B). In *Ovalles v. United States*, 905 F.3d 1231, 1252-53 (11th Cir. 2018) (en banc), we addressed that issue and held that § 924(c)(3)(B)'s risk-of-force clause is not unconstitutionally vague in light of the Supreme Court's decisions in *Johnson* and *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). We held

3

that § 924(c)(3)(B) requires a conduct-based approach, rather than a categorical approach, and as such, is not constitutionally vague.  *Ovalles*, 905 F.3d at 1252-53.

Accordingly, as both of Cooper's arguments[1] are foreclosed by precedent, we affirm the district court's denial of Cooper's 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence.

**AFFIRMED.**

---

[1]  As Cooper did not argue in the district court or on appeal that his § 2113(a) conviction does not qualify as a "crime of violence" under § 924(c)(3)(B)—instead arguing only that the risk-of-force clause was unconstitutionally vague—he has waived review of that issue. *See United States v. Durham*, 795 F.3d 1329, 1330-31 (11th Cir. 2015) (explaining this Court will not consider issues not raised in appellant's initial brief); *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (stating issues not raised in the district court are generally deemed waived).