[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-13651
Non-Argument Calendar
_____

D.C. Docket No. 8:18-cr-00080-WFJ-JSS-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ZACHARY GLOSTER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(June 14, 2021)

Before MARTIN, JILL PRYOR, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Defendant Zachary Gloster, who pled guilty to conspiracy to commit Hobbs Act robbery, brandishing a firearm during and in relation to a crime of violence, and making a false statement, appeals from his convictions and 240-month total sentence. He argues that the district court erred in convicting him for brandishing a firearm during a crime of violence because his predicate offense of aiding and abetting bank robbery did not constitute a "crime of violence" under 18 U.S.C. § 924(c)'s elements clause. Similarly, he argues that the district court plainly erred in sentencing him as a career offender because he did not have an instant conviction for a "crime of violence" under the Sentencing Guidelines. Because our precedent forecloses Defendant's arguments, we affirm.

## I.    BACKGROUND

In 2017, Defendant and two co-conspirators used masks and guns to steal approximately $110,000 from Florida banks. The Government arrested Defendant and charged him by superseding information with (1) conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (Count 1), (2) using, carrying, and brandishing a firearm during and in relation to a crime of violence, namely, aiding and abetting 18 U.S.C. § 2113(a) bank robbery by force and intimidation, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2 (Count 2), and (3) making a false material statement, in violation of 18 U.S.C. § 1001(a)(2) (Count 3). Pursuant to a written plea agreement, Defendant agreed to plead guilty to all three counts in

exchange for the Government dropping other pending charges against him.  The district court accepted his plea.

According to the presentence investigation report, Defendant qualified as a career offender under U.S.S.G. § 4B1.1 because Counts 1 and 2 were felony crimes of violence and Defendant had two prior convictions for either a crime of violence or a controlled substance offense, namely, a 2005 robbery-with-a-firearm conviction, and a 2014 sale-of-cocaine conviction for which Defendant received a 42-month prison sentence.  Because Defendant was a career offender being sentenced for a § 924(c) violation and other counts of conviction, Defendant's guideline range under U.S.S.G. § 4B1.1(c) was 262–327 months' imprisonment.[1]

At sentencing, the district court adopted the presentence investigation report's guideline calculations.[2]  Although the Government requested a sentence of 324 months, the court varied downward to a total of 240 months' imprisonment, comprising concurrent terms of 156 months and 60 months for Counts 1 and 3 and a 7-year consecutive term for Count 2.

---

[1] Defendant faced maximum prison terms of 20 years and 5 years for Counts 1 and 3, respectively.  As to Count 2, Defendant faced a mandatory consecutive sentence of 7 years to life.

[2]  Although Defendant objected at sentencing to his career-offender enhancement on the ground that his sale-of-cocaine conviction could not qualify as a predicate controlled substance offense, Defendant admitted that binding precedent foreclosed his argument and the court overruled the objection.  Defendant does not raise this issue on appeal.

## II.    DISCUSSION

### A.    Whether the District Court Erred in Adjudicating Defendant Guilty Under 18 U.S.C. § 924(c)

On appeal, Defendant argues for the first time that the district court erred in convicting him for brandishing a firearm during and in relation to a crime of violence because his predicate crime—aiding and abetting bank robbery under 18 U.S.C. § 2113(a)—did not qualify as a "crime of violence" under 18 U.S.C. § 924(c)'s element's clause.[3]  Because Defendant did not raise this argument below, the Government contends that we should review this issue only for plain error.  *See United States v. Belfast*, 611 F.3d 783, 815 (11th Cir. 2010).[4]  Defendant, by contrast, argues that a *de novo* standard of review applies.  *See United States v. Bates*, 960 F.3d 1278, 1285 (11th Cir. 2020).  We need not resolve this dispute, however, because we discern no error, plain or otherwise.

Section 924(c) prohibits the use or carrying of a firearm during and in relation to a "crime of violence" or "drug trafficking crime."  18 U.S.C.

---

[3]  Although Defendant noted for the record at sentencing that aiding and abetting bank robbery could not qualify as a "crime of violence" under § 924(c)'s residual clause, he did not advance an argument regarding § 924(c)'s elements clause below.

[4]  To establish plain error, a defendant must show that (1) an error occurred, (2) the error was plain, (3) the error affected substantial rights, and (4) the error "seriously affects the fairness, integrity or public reputation of judicial proceedings."  *Id.* (alteration accepted) (quotation marks omitted).

§ 924(c)(1)(A).[5]  Under what is known as the "elements clause," § 924(c) defines a "crime of violence" as a felony offense that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another."[6] *Id*. § 924(c)(3)(A).

Here, the district court did not err in adjudicating Defendant guilty as to Count 2, the § 924(c) offense.  Although Defendant contends that aiding and abetting bank robbery does not qualify as a "crime of violence" under § 924(c)'s elements clause because an aider and abettor does not have to personally use, attempt to use, or threaten violent physical force, binding precedent forecloses his arguments.  Specifically, we held in *In re Sams* that bank robbery under 18 U.S.C. § 2113(a) qualifies as a "crime of violence" under § 924(c)'s elements clause.  *In re Sams*, 830 F.3d 1234, 1239 (11th Cir. 2016).  Further, we clarified in *Steiner v. United States* that, if an offense qualifies as a "crime of violence" under § 924(c)'s elements clause, a conviction for aiding and abetting that offense also qualifies as a "crime of violence" under § 924(c)'s elements clause.  *Steiner v. United States*,

---

[5]  Brandishing a firearm during and in relation to a "crime of violence" or "drug trafficking crime" subjects a defendant to a mandatory consecutive sentence of at least seven years' imprisonment.  *Id.* § 924(c)(1)(A)(ii).

[6]  Although § 924(c) also contains a residual clause, which defines a "crime of violence" as a felony offense "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense," *id.* § 924(c)(3)(B), the Supreme Court has held that the residual clause is unconstitutionally vague, *United States v. Davis*, 139 S. Ct. 2319, 2323–24, 2336 (2019).  Accordingly, only the elements clause is relevant here.

940 F.3d 1282, 1293 (11th Cir. 2019), *cert. denied*, 141 S. Ct. 320 (2020). Thus, Defendant's aiding-and-abetting-bank-robbery offense necessarily constituted a "crime of violence."

According to Defendant, we are not bound by this precedent for two reasons, but neither is persuasive. First, Defendant argues that our decision in *In re Sams* is not binding because that case addressed an application to file a second or successive habeas petition, and decisions made in that context do not result in "precedential decisions with application outside of that context." We have held, however, that "law established in published three-judge orders issued pursuant to 28 U.S.C. § 2244(b) in the context of applications for leave to file second or successive § 2255 motions is binding precedent on all subsequent panels of this Court, including those reviewing direct appeals." *United States v. St. Hubert*, 909 F.3d 335, 346 (11th Cir. 2018), *abrogated on other grounds by United States v. Davis*, 139 S. Ct. 2319 (2019). Defendant's argument therefore lacks merit.

Second, Defendant argues that we should not follow *Steiner* because its holding—that an aiding-and-abetting offense constitutes a "crime of violence" if the offense a defendant has aided and abetted is itself a "crime of violence"—is "directly contrary" to the Supreme Court's decision in *Rosemond v. United States*, 572 U.S. 65 (2014). Specifically, Defendant contends that this holding conflicts with *Rosemond*'s general statement about aiding-and-abetting law that "a

6

defendant can be convicted as an aider and abettor without proof that he participated in each and every element of the offense." *Id.* at 73 (alteration accepted) (quotation marks omitted).

*Rosemond*, however, does not conflict with *Steiner*.[7]  In *Rosemond*, the Supreme Court held that a defendant who did not facilitate the use of a firearm could nevertheless be found guilty of aiding and abetting a § 924(c) offense so long as he "actively participated in the underlying drug trafficking or violent crime with advance knowledge that a confederate would use or carry a gun during the crime's commission." *Rosemond*, 572 U.S. at 67, 74–75, 77–78.  Contrary to Defendant's argument, this holding has no bearing on whether an underlying aiding-and-abetting offense qualifies as a predicate "crime of violence." Accordingly, *Rosemond* did not abrogate *Steiner*'s holding that an underlying aiding-and-abetting offense is a "crime of violence" if the crime that the defendant aids and abets is itself a "crime of violence." *Steiner*, 940 F.3d at 1293.

Under our prior-panel-precedent rule, we are bound to follow *In re Sams* and *Steiner* "until [they are] overruled by this court en banc or by the Supreme Court." *United States v. Vega-Castillo*, 540 F.3d 1235, 1236 (11th Cir. 2008) (quotation

---

[7]  We note that *Steiner* issued *after* the Supreme Court decided *Rosemond* and discussed at length a claim based on *Rosemond* that insufficient evidence supported the defendant § 924(c) conviction.  *See Steiner*, 940 F.3d at 1288–92.  This Court was therefore well aware of *Rosemond* when we issued our decision in *Steiner*.

marks omitted).  Because our precedent forecloses Defendant's argument that aiding and abetting bank robbery is not a "crime of violence," we affirm his § 924(c) conviction.

### B.    Whether the District Court Plainly Erred in Applying a Career-Offender Enhancement

The district court adopted the probation officer's determination that Defendant was a career offender under the Sentencing Guidelines because his instant convictions for conspiracy to commit Hobbs Act robbery and brandishing a firearm during a crime of violence were crimes of violence, and he had two prior felony convictions of either a crime of violence or a controlled substance offense, namely, robbery with a firearm and sale of cocaine.  On appeal, Defendant argues for the first time that the district court erred in sentencing him as a career offender because neither of his instant offenses constituted a "crime of violence."[8]  Because Defendant did not raise this argument below, we review for plain error.  *See United States v. Ochoa*, 941 F.3d 1074, 1108 n.22 (11th Cir. 2019), *cert. denied*, 140 S. Ct. 2553 (2020).  The district court, however, correctly sentenced Defendant as a career offender.  We therefore affirm his sentences.[9]

---

[8]  Although Defendant also argues that his § 924(c) conviction could not support a career-offender enhancement because the district court erred in convicting him under § 924(c), we have already rejected the premise of this argument in the prior section and need not address it further.

[9]  The Government argues that a broad sentence-appeal waiver in Defendant's plea agreement bars him from challenging his career-offender enhancement.  We need not address the validity or

Under § 4B1.1 of the Sentencing Guidelines, a defendant is subject to a sentencing enhancement as a career offender if:

(1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction;

(2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and

(3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G § 4B1.1. A "crime of violence" is defined as a felony offense that:

(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

(2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c).

*Id.* § 4B1.2(a). The commentary to § 4B1.2 further explains that the term "crime of violence" includes "the offenses of aiding and abetting, conspiring, and attempting to commit such offenses," and that "[a] violation of 18 U.S.C. § 924(c) . . . is a 'crime of violence' . . . if the offense of conviction established that the underlying offense was a 'crime of violence.'" *Id.* § 4B1.2, comment. (n.1).

Here, the district court did not plainly err in sentencing Defendant as a career offender. Defendant is correct that we have held that "conspiracy to commit

---

application of the sentence-appeal waiver, however, because Defendant's claim on appeal fails on the merits. *St. Hubert*, 909 F.3d at 346 n.7.

Hobbs Act robbery does not qualify as a 'crime of violence'" under § 924(c)'s similarly worded elements clause. *Brown v. United States*, 942 F.3d 1069, 1075 (11th Cir. 2019). But whether conspiracy to commit Hobbs Act robbery qualifies as a "crime of violence" under U.S.S.G. § 4B1.2 is irrelevant here. The career-offender enhancement requires only *one* instant offense of conviction that qualifies as a "crime of violence." *See* U.S.S.G. § 4B1.1(a)(2). And the district court concluded that Defendant had another instant offense of conviction that was a "crime of violence"—namely, brandishing a firearm during and in relation to a crime of violence, in violation of § 924(c).

As discussed in the prior section, the predicate crime for Defendant's § 924(c) conviction—aiding and abetting bank robbery—qualifies as "crime of violence." *See Steiner*, 940 F.3d at 1293; *In re Sams*, 830 F.3d at 1239. Because the Guidelines expressly provide that both aiding and abetting a crime and a violation of § 924(c) constitute "crimes of violence" if the underlying offense is a "crime of violence," the district court correctly determined that at least one of Defendant's instant crimes of conviction was a "crime of violence" under the Guidelines.[10] U.S.S.G § 4B1.2(a) & comment. (n.1).

---

[10] Defendant does not challenge the district court's findings with respect to the other requirements for a career-offender enhancement. In any event, he "was at least eighteen years old at the time [he] committed the instant offense of conviction." U.S.S.G. § 4B1.1(a)(1). And he had "at least two prior felony convictions of either a crime of violence or a controlled substance offense." *Id.* § 4B1.1(a)(3). Specifically, his conviction for robbery with a firearm qualified as an enumerated "crime of violence" under § 4B1.2(a)(2). And his conviction for

Because Defendant's instant § 924(c) offense qualified as a "crime of violence," he was at least 18 years old when he committed the instant offense, and he had at least two prior felony convictions of either a crime of violence or a controlled substance offense, the court correctly sentenced him as a career offender. U.S.S.G. § 4B1.1(a). Accordingly, we affirm Defendant's sentences.

## C.    Motion to File a Supplemental Brief

Defendant has moved this Court to file a supplemental brief raising a new argument that armed bank robbery, in violation of 18 U.S.C. § 2113(a), should not categorically qualify as a predicate crime of violence under § 924(c) because it can be committed solely by intimidation without the threatened use of physical force. As a general matter, parties may not raise new issues through supplemental briefs. *United States v. Nealy*, 232 F.3d 825, 830 (11th Cir. 2000). With leave of court, however, parties may submit supplemental briefs to discuss how intervening decisions impact issues raised in initial briefs, *id.*, or to raise a new claim or theory not raised in an initial brief based on an intervening Supreme Court decision that overrules binding precedent, *United States v. Durham*, 795 F.3d 1329, 1330–31

---

selling cocaine, which resulted in a 42-month prison sentence, qualified as a "controlled substance offense" because the crime was "punishable by imprisonment for a term exceeding one year" and "prohibit[ed] the manufacture, import, export, distribution, or dispensing of a controlled substance." *Id.* § 4B1.2(b).

(11th Cir. 2015) (en banc).  Here, Defendant has not identified any intervening authority relevant to an issue properly raised in his initial brief or justifying a new claim.  Accordingly, his motion is denied.[11]

## III.    CONCLUSION

We affirm Defendant's convictions and sentences.  Defendant's pending motion to file a supplemental brief is denied.

**AFFIRMED.**

---

[11]  Notably, Defendant's new argument would be foreclosed by binding precedent in any event. *In re Sams*, 830 F.3d at 1239 (holding that "a bank robbery conviction under § 2113(a) by force and violence *or by intimidation* qualifies as a crime of violence under the § 924(c)(3)(A) [elements] clause" (emphasis added)).