[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-10863

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JUAN CARLOS MINA-SALAZAR,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:20-cr-00055-SCB-SPF-4

_____

Before JORDAN, NEWSOM, and GRANT, Circuit Judges.

PER CURIAM:

Juan Carlos Mina-Salazar was sentenced to 188 months' imprisonment after he pleaded guilty to conspiracy to distribute and to possess with intent to distribute cocaine, methamphetamine, and marijuana under the Maritime Drug Law Enforcement Act. He now appeals, arguing that the district court imposed a substantively unreasonable sentence and that the government breached his plea agreement by failing to recommend a reduction in offense level for acceptance of responsibility. We conclude that the plea agreement contains an enforceable sentence appeal waiver that bars his substantive reasonableness challenge and that the government did not clearly violate the agreement. We therefore dismiss in part and affirm in part.

I.

The United States Coast Guard intercepted a stateless vessel in international waters, about 155 nautical miles from Costa Rica. On board the vessel were four crew members, Mina-Salazar and his three codefendants. The captain of the vessel claimed Costa Rican nationality for himself and the vessel, but Costa Rica neither confirmed nor denied that claim. The Coast Guard treated the vessel as one without nationality and subject to the jurisdiction of the United States. After boarding the vessel and noticing packages that resembled contraband on the deck, Coast Guard members

asked the captain to explain the purpose of their voyage, and he responded, "to get drugs." A subsequent search of the vessel uncovered approximately 355 kilograms of cocaine, 30 pounds of marijuana, and one pound of methamphetamine.

The four men on board were jointly indicted on two counts. The first count charged them with conspiring to distribute and to possess with intent to distribute cocaine, methamphetamine, and marijuana while on board a vessel subject to the jurisdiction of the United States. *See* 21 U.S.C. § 960(b); 46 U.S.C. §§ 70503(a), 70506(a)–(b). The second count charged them with aiding and abetting each other in possessing with intent to distribute a controlled substance. *See* 18 U.S.C. § 2; 21 U.S.C. § 960(b); 46 U.S.C. §§ 70503(a), 70506(a). Mina-Salazar entered a plea agreement with the government in which he agreed to plea guilty to the first count, and the government agreed to seek dismissal of the second.

Two other components of the plea agreement are especially relevant to this appeal. *First*, Mina-Salazar expressly waived "the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range," with three exceptions. He could appeal on the ground that (a) "the sentence exceeds the defendant's applicable guidelines range," (b) "the sentence exceeds the statutory maximum penalty," or (c) "the sentence violates the Eighth Amendment." In addition, he would be released from the waiver and could challenge his sentence if the government appealed.

*Second*, the government agreed that it "will not oppose the defendant's request to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility" under § 3E1.1(a) of the U.S. Sentencing Guidelines "in the event that no adverse information is received suggesting such a recommendation to be unwarranted." And if his total offense level was 16 or greater, the government agreed "to file a motion" for a reduction of one additional level under § 3E1.1(b) so long as the defendant complied with that guideline provision and all the terms of his plea agreement.

The district court accepted Mina-Salazar's guilty plea, and the case proceeded to the sentencing stage. Before Mina-Salazar received his sentence, however, law enforcement officials discovered that he had been untruthful about the offense. He and his codefendants had informed officials that their plan was to locate drugs that had been discarded into the ocean and then to sell them. But, as revealed by a codefendant's confession and GPS evidence, their voyage was actually a planned drug-smuggling expedition from Colombia to Costa Rica. Because the truth only came to light after two of the codefendants had already been sentenced, they received significantly lighter sentences than they otherwise would have if law enforcement officials had been aware of the actual nature of the offense from the beginning.

For Mina-Salazar, this discovery led to a recalculation of his recommended sentence. Although an earlier version of his presentence investigation report included a three-level reduction

for acceptance of responsibility under § 3E1.1(a) and (b), the probation office revised the report to remove that reduction because of his dishonesty. The report also included a two-level enhancement for obstruction of justice under § 3C1.1. The resulting Guidelines range was 188 to 235 months' imprisonment. With no objection from Mina-Salazar to the revised report, the district court sentenced him at the bottom of that range to 188 months' imprisonment, followed by a five-year term of supervised release. Mina-Salazar now appeals.

## II.

As a preliminary matter, we set out the arguments that Mina-Salazar raises on appeal and address his pending motion for leave to file a supplemental brief. His initial merits brief raises two issues: whether his sentence was substantively unreasonable given the disparity between his sentence and those that his codefendants received, and whether the government breached the plea agreement by failing to recommend a reduction for acceptance of responsibility. After the government filed its response brief, Mina-Salazar sought permission to file a supplemental brief to address *United States v. Dávila-Reyes*, a recent First Circuit case holding that a provision of the Maritime Drug Law Enforcement Act goes beyond Congress's Article I powers by improperly asserting jurisdiction over certain vessels. *See* 23 F.4th 153, 157–58 (1st Cir. 2022); 46 U.S.C. § 70502(d)(1)(C).

Whatever bearing *Dávila-Reyes* may have had if Mina-Salazar properly raised an argument about the

constitutionality of the Act in his initial brief, we decline to allow him to raise that argument for the first time now. An appellant may not raise an issue in a supplemental brief that he did not raise in his opening brief. *See United States v. Durham*, 795 F.3d 1329, 1330 (11th Cir. 2015) (en banc). Our Circuit has recognized a narrow exception to this rule, which allows an appellant to raise a new issue based on an intervening Supreme Court decision that overrules binding precedent. *See id.* at 1331. A non-binding decision from a sister circuit does not fall within that exception. We therefore deny Mina-Salazar's motion for leave to file a supplemental brief.

## III.

Next, we decline to address Mina-Salazar's argument that his sentence is substantively unreasonable, due to the sentence appeal waiver in his plea agreement. "We review the validity of a sentence appeal waiver de novo." *United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008). To be valid and enforceable, a sentence appeal waiver must have been made knowingly and voluntarily. *Id.* That standard is met if the government shows that either (1) "the district court specifically questioned the defendant about the waiver," or (2) "the record makes clear that the defendant otherwise understood the full significance of the waiver." *Id.*

The government argues that Mina-Salazar's waiver is valid because the magistrate judge specifically addressed the waiver during the Rule 11 colloquy. We agree. During that colloquy, the

magistrate judge explained the scope of the appeal waiver and confirmed that Mina-Salazar understood the waiver and agreed to it voluntarily. Accordingly, we will enforce the appeal waiver.

The magistrate judge correctly explained to Mina-Salazar that his waiver only allows him to appeal his sentence if it exceeds the Guidelines range or the statutory maximum, if he argues that it violates the Eighth Amendment, or if the government appeals. Here, Mina-Salazar argues that his sentence is substantively unreasonable because his codefendants received substantially lighter sentences. But because his 188-month sentence does not exceed either the Guidelines range or the statutory maximum, and no other exception allowing appeal under the agreement applies, his appeal waiver bars our review.

## IV.

Mina-Salazar's remaining argument is that the government breached the plea agreement by failing to recommend a three-level reduction for acceptance of responsibility under § 3E1.1 of the Guidelines. Because he did not raise this issue before the district court, we review for plain error. *United States v. Romano*, 314 F.3d 1279, 1281 (11th Cir. 2002). The plain error standard is satisfied if "(1) error occurred, and (2) the error is plain, (3) affects the defendant's substantial rights, and (4) seriously affects the fairness, integrity, or public reputation of the judicial proceedings." *Id.*

To assess whether the government breached a plea agreement, we must "determine the scope of the government's promises and ask whether the government's actions were inconsistent with what the defendant reasonably understood when he entered his guilty plea." *United States v. Sosa*, 782 F.3d 630, 637 (11th Cir. 2015) (quotation and brackets omitted). For this violation to constitute plain error, it must be "clear or obvious, rather than subject to reasonable dispute." *Id.* (quotation omitted). A breach of a plea agreement is not clear or obvious when "the drafting of an agreement leaves the scope of the government's commitments open to doubt." *Id.*

To begin, we note that the government did not promise to recommend a two-level reduction under § 3E1.1(a)—it promised not to "oppose the defendant's request to the Court" for the reduction. But it did agree to "file a motion" for the additional one-level reduction under § 3E1.1(b).

Even so, the government did not clearly violate the plea agreement by failing to recommend a reduction. A defendant can only qualify for a reduction under § 3E1.1 if he "clearly demonstrates acceptance of responsibility for his offense." U.S. Sentencing Guidelines § 3E1.1 (Nov. 2018). Related to that requirement, the plea agreement conditioned the government's obligations on criteria that were unsatisfied here. The government was only bound by its obligation not to oppose Mina-Salazar's request for a two-level reduction under § 3E1.1(a) if no "adverse information" surfaced that suggested the request to be

21-10863                Opinion of the Court                    9

unwarranted.   And the government agreed to move for the additional one-level reduction if it determined that Mina-Salazar qualified, which required him to comply with § 3E1.1(b) and all terms of his plea agreement.

Mina-Salazar concedes that he provided false information about his involvement in the offense and only told the truth when he was confronted with contrary evidence, which shows that a reduction for acceptance of responsibility was likely undeserved. The government, in turn, was not clearly obligated to recommend any reduction even though Mina-Salazar eventually told the truth. As the commentary to § 3E1.1 explains, conduct that results in an enhancement for obstructing or impeding the administration of justice under § 3C1.1 "ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct." *Id.* § 3E1.1 cmt. n.4.

Here, the district court applied an enhancement for obstruction of justice because Mina-Salazar contributed to the inappropriate sentencing of his codefendants by lying about the offense.   The same conduct supports the conclusion that a reduction for acceptance of responsibility was unwarranted.   The plea agreement, therefore, did not clearly require the government to recommend a reduction for acceptance of responsibility. Because Mina-Salazar has not shown that the alleged breach plainly occurred, we need not address the other prongs of the plain error standard.

## V.

The sentence appeal waiver in Mina-Salazar's plea agreement bars his challenge to the substantive reasonableness of his sentence, so we dismiss that aspect of his appeal.  As to his argument that the government breached the plea agreement, we affirm, because no clear violation occurred.

**DISMISSED IN PART AND AFFIRMED IN PART.**