[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-10163

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ERIK BARNER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:23-cr-00132-SDM-CPT-1

_____

Before ROSENBAUM, NEWSOM, and ABUDU, Circuit Judges.

PER CURIAM:

Erik Barner, a federal prisoner proceeding with counsel, has filed a motion for summary reversal, arguing that *Erlinger v. United States*, 602 U.S. 821 (2024), clearly establishes that the district court erred in applying the Armed Career Criminal Act ("ACCA") over both parties' objections. He contends that, pursuant to *Erlinger*, the ACCA could not apply unless the government proved to the jury, or he admitted, that the prior offenses were committed on occasions different from one another, which the government did not show and he did not admit. The government does not oppose his motion for summary reversal.

As relevant here, summary disposition is appropriate when "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Unless a constitutional error amounts to a "structural error," we review preserved constitutional errors using a harmless error standard. *United States v. Roy*, 855 F.3d 1133, 1142 (11th Cir. 2017) (*en banc*). District court errors that "infringe upon the jury's factfinding role" are subject to harmless error review. *Neder v. United States*, 527 U.S. 1, 18 (1999). We will not reverse a sentence for a harmless error if "the record does not contain evidence that could rationally lead [a jury] to a contrary finding." *United States v.*

24-10163          Opinion of the Court          3

*Nealy*, 232 F.3d 825, 829 n.4 (11th Cir. 2000) (quotation marks omitted), *abrogated in part on other grounds by United States v. Durham*, 795 F.3d 1329, 1330-31 (11th Cir. 2015) *(en banc)*. If, however, the defendant has "raised evidence sufficient to support a contrary finding," then the error is not harmless. *Neder*, 527 U.S. at 19. We may consider the harmlessness of a trial court's error when it has not been raised by the government. *United States v. Adams*, 1 F.3d 1566, 1575 (11th Cir. 1993).

In *Apprendi*, the Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). In *Nealy*, we held that *Apprendi* errors are not structural and are therefore subject to harmless error review. 232 F.3d at 829.

The ACCA requires that any defendant who violates 18 U.S.C. § 922(g) serve a mandatory minimum sentence of 15 years if the defendant has 3 prior convictions for violent felonies or serious drug offenses "committed on occasions different from one another." 18 U.S.C. § 924(e)(1).

In *Erlinger*, the Supreme Court held that judicial factfinding by a preponderance of evidence that a defendant has three ACCA predicate convictions committed on different occasions violates the Fifth Amendment's guarantee of due process of law and the Sixth Amendment's guarantee to a jury trial. 602 U.S. at 833-35. The Court held that this finding must be made by a jury beyond a

reasonable doubt or freely admitted by the defendant in a guilty plea. *See id.* In explaining its reasoning, the Court noted that its decision was "as nearly on all fours with *Apprendi* . . . as any [the Court] might imagine." *Id.* at 835. The Court emphasized that the ACCA's different-occasions inquiry can be "intensely factual" and noted that, while judges may use *Shepard* documents—that is, documents like "judicial records, plea agreements, and colloquies between a judge and the defendant"—for the limited function of "determining the fact of a prior conviction and the then-existing elements of that offense," judges may not use *Shepard* documents to determine whether the "past offenses differed enough in time, location, character, and purpose to have transpired on different occasions." *Id.* at 826-28, 838-41. The Court explained that "no particular lapse of time or distance between offenses automatically separates a single occasion from distinct ones." *Id.* at 841. The Court also noted that "in many cases the occasions inquiry will be straightforward," such as when "a defendant's past offenses [are] different enough and separated by enough time and space," though the Court stressed that this finding must still be made by a jury rather than a judge. *Id.* at 841-43 (quotation marks omitted).

Here, it is clear as a matter of law that the district court committed an *Erlinger* error, as Barner did not admit that the offenses occurred on separate occasions and the matter was not decided by a jury beyond a reasonable doubt. Further, the *Erlinger* error is not harmless as the record does not establish that it is clear beyond a reasonable doubt that the jury would have found that each of Barner's predicate offenses were committed on at least

24-10163                Opinion of the Court                5

three separate occasions.  Thus, we grant Barner's motion for summary reversal, vacate his sentence, and remand his case for resentencing consistent with this opinion.

**VACATED AND REMANDED.**